ELSIE B. WHITAKER ET AL., EXECUTORS (ESTATE OF
HOWARD WHITAKER) v. CANNON MILLS
COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 4—decided June 28—reargued November 9—amended
opinion filed December 5, 1945.

*Hugh M. Alcorn,* for the appellant (named defendant).

*Wallace W. Brown,* for the appellees (plaintiffs).

DICKENSON, J.  The original plaintiff died before this case was finally disposed of in the trial court, and the present plaintiffs, executors of the estate, were substituted.  We shall use the word "plaintiff" to refer to the original plaintiff.  He was a tobacco grower and bought of the defendant, a manufacturer of cotton goods, cloth known as tobacco cloth, used in growing shade-grown tobacco.  The cloth was torn apart by a hailstorm while in use as a "tent" over the plaintiff's tobacco crop.  The plaintiff brought this action to the Superior Court in Hartford County for breach of warranty and negligence, claiming damages for injury to the tobacco cloth and his crops.  Hearings were had in December, 1940, but no decision was rendered in that term of court.  In the following term, the trial judge obtained consent of the parties to render judgment.  He filed a memorandum on November 25, 1941, in which he stated that he found the issues for the defendant except as to the claim of breach of a warranty of merchantability, and found that the defendant had breached this warranty but that the plaintiff

had failed to allege proper notice to the defendant of such a breach; that further evidence of such notice was necessary; and that no judgment could be rendered at that time. He gave the plaintiff leave to amend his complaint, the defendant leave to answer, and both parties leave to offer further evidence in connection with the amendments.

The pleadings were amended and a further hearing was had on December 13, 1941. On February 14, 1942, the trial judge filed a second memorandum in which he stated that he found that notice of breach of warranty had been given in a reasonable time but not in accordance with the statutes, and that further amendments would have to be made in respect to the question of damages. He gave the plaintiff further leave to amend and stated that, in case the parties could not stipulate as to the facts, a further hearing would be necessary. The defendant objected to any further amendment and hearing. The plaintiff filed a further amendment to the complaint and another hearing was held on May 23, 1942, at which time the court gave the defendant an opportunity to offer evidence on the question of damages, which it declined to do. On July 9, 1942, judgment was rendered for the plaintiff for the price of the cloth less its salvage value. The defendant has appealed on two main grounds: (1) that the trial court had lost jurisdiction to render judgment in the case under General Statutes, § 5409; (2) that there could be no recovery on the ground on which the judgment was based—implied warranty of merchantability.

The facts necessary to present the narrow issues upon which we decide the case are as follows: The plaintiff had been a tobacco farmer in Somers, Connecticut, for many years and, since 1920, had purchased his requirements of tobacco cloth from the defendant. The defendant was a cotton manufacturer

located in North Carolina and manufactured and sold tobacco cloth for use in growing shade-grown tobacco. The cloth forms a tent over the growing tobacco plants for the purpose of producing conditions of heat and humidity similar to those prevailing in Cuba and of protecting the crop from wind, hail, rain and insects. In October, 1937, through a subsidiary corporation, the plaintiff purchased the cloth from the defendant on an order which specified two hundred thousand square yards of "Cannon Tobacco Cloth Style 88X" and which recited that the cloth was bought "As per sample submitted" and that "This order is subject to the conditions printed on the reverse side of this sheet." Among the conditions so printed was one which provided as follows: "Any complaint must be made in writing within ten days after receipt of the goods by the purchaser, and before the same have been used. The mill has the privilege of replacing within a reasonable time any material not complying with this contract."

No sample was submitted with the order and the plaintiff neither asked nor was given any express warranty of quality, fitness or otherwise by the defendant. On or about December 17, 1937, the defendant delivered the cloth to the plaintiff, and the plaintiff later paid for it in full. It came in thirty-six bales, each about three by three by four feet in size, covered with burlap and bound with iron strips. The plaintiff stored the bales, without examination, in a tobacco shed, where they remained until May of the following year. The cloth was then unpacked and spread on the tent frames, together with a small quantity bought for the previous season, and so remained until, on July 15, 1938, it was damaged by a wind-, hail-, and rainstorm. No complaint was made about the cloth until after this storm. The defendant claimed that the condition we

have quoted from the contract was a bar to any right to recover. The trial court held that, as a basis for a claim for damages, there was a warranty of merchantability, to the breach of which the condition did not apply.

The jurisdictional question must first be considered. The claim of the defendant is that the trial of the case was concluded on December 11, 1940, and that when judgment was rendered on July 9, 1942, the court had lost jurisdiction by expiration of the time allowed by statute for rendering judgment. General Statutes, § 5409, reads as follows: "Continuance of trial after expiration of term. Any judge of the superior court or of any court of common pleas, who shall have commenced the trial of any civil cause, shall have power to continue such trial and render judgment after the expiration of the term or session of the court at which such trial was commenced; but such trial shall be ended and judgment rendered therein before the close of the next term or session."

In *Spelke* v. *Shaw*, 117 Conn. 639, 169 Atl. 787, we interpreted this statute as requiring that, where a term of court is divided into sessions, the judgment must be rendered at the same session in which the case is tried or the next succeeding one, but we pointed out (p. 644) that, with the consent of the parties, express or implied, the court might decide the case at a later time; and in *Ferguson* v. *Sabo*, 115 Conn. 619, 623, 162 Atl. 844, we stated that the requirement of the statute might be waived. The lack of jurisdiction after the expiration of the time fixed does not pertain to the subject matter but to the parties. See *Foley* v. *Douglas & Bro., Inc.*, 121 Conn. 377, 380, 185 Atl. 70. From the correspondence between the trial judge and counsel for the defendant and from the fact that thereafter the defendant filed pleadings and participated in further

hearings, the last as late as May 23, 1942, the trial court could properly find, as it did, that the defendant had waived the requirements of the statute. The judgment was not invalid under its terms.

The trial court ruled that the only ground of recovery was on an implied warranty of merchantability under General Statutes, § 4635, subsection (2), which provides that "when the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality." The court further held that the condition in the contract requiring complaint within ten days, with the right to replace the cloth if it was not in compliance with the contract, had no application, the plaintiff having accepted and paid for the goods and having elected to sue for breach of warranty under General Statutes, § 4689 (b). This section provides that when there is a breach of warranty by the seller the buyer may "accept or keep the goods and maintain an action against the seller for damages for the breach of warranty."

The claim of the plaintiff was that the cloth was stronger in its fabric than in its seams, whereas the reverse should have been the fact if it had been properly constructed, and the trial court so found. The plaintiff had no right to accept unmerchantable goods and sue upon a breach of the warranty of merchantability without giving the defendant the right it had, under the contract, to replace them upon notice of the breach. As to inspection, the court held that the condition did not apply because it was not practicable to examine the cloth until it was loosed from the bales and that, even if it had been possible, such an inspection would not have revealed the defect, which was latent. The obvious intent of the parties in the re-

quirement of notice in the contract was to give the defendant an opportunity to replace any defective cloth before use. The provision was not limited to patent defects but expressly specified "any complaint." Its plain import is that, if the buyer makes no complaint and uses the goods, he is to be deemed to have accepted them without any warranty; and he cannot recover even though they prove defective. *DeWitt* v. *Itasca-Mantrap Co-op. Electrical Assn.*, 215 Minn. 551, 558, 10 N. W. (2d) 715; *Gorton* v. *Macintosh,* 31 W. R. (Q. B. Div.) 232; see *Williamsburgh Stopper Co.* v. *Bickart,* 104 Conn. 674, 682, 134 Atl. 233. "Where a contract makes provision for a certain contingency, it is not for a court to import into the contract some other and different provision for the same contingency." *Straus* v. *Kazemekas,* 100 Conn. 581, 593, 124 Atl. 234. The construction and legal effect of a contract "cannot be changed or varied by reason of its inconvenience to the parties, or the unreasonableness of the terms." *Lakitsch* v. *Brand,* 99 Conn. 388, 393, 121 Atl. 865. The defendant expressly limited its obligations in the contract and the plaintiff failed to act within the limitation. *Kibbe* v. *Woodruff,* 94 Conn. 443, 446, 109 Atl. 169; *Burntisland Shipbuilding Co.* v. *Barde Steel Products Corporation,* 278 Fed. 552, 554. The ruling of the trial court was in derogation of defendant's rights under the contract.

In an amendment to the complaint, the plaintiff alleged that the defendant had denied liability, and this allegation the defendant admitted; and the plaintiff claims that thereby any question of the violation of the condition is removed from the case. This claim is without merit. The defendant pleaded in its answer that notice had not been given as specified in the condition, and this was one ground of its denial of lia-

bility. There was no inconsistency between that denial and its allegation of a violation of the condition.

There is error, the judgment is set aside and the case is remanded with direction that judgment be entered for the defendant.

In this opinion the other judges concurred.