GAIL S. GORDON ET AL. v. HERBERT FELDMAN ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 6—decided April 4, 1973

*Francis A. Smith, Jr.,* with whom, on the brief, were *Edward M. Sheehy* and *Louis M. Altman,* for the appellants (plaintiffs).

*William F. Gallagher,* with whom was *John R. McGrail,* for the appellees (defendants).

SHAPIRO, J. The plaintiff Gail S. Gordon, while seated in the defendants' sailboat, suffered personal injury when the boat's centerboard fell on her hand. She and her mother brought suit against the defendants charging them with negligence and seeking to recover damages. The case was tried to a jury in the Superior Court where, on March 23, 1971, a verdict was returned for the defendants. On the same day the plaintiffs filed a motion to set aside the verdict. On July 12, 1971, the plaintiffs filed a motion for a mistrial on the claim that the motion to set aside the verdict had not been "argued or

decided during the session of court in which the trial was held or the next session but one. Therefore, the court has lost jurisdiction to decide the matter." On the same date, they also filed a motion claiming to be entitled to a new trial for the same reason as given in their motion for a mistrial. Both motions of July 12, 1971, were denied by the court on August 12, 1971. On August 26, 1971, the court rendered judgment for the defendants based on its denial of the plaintiffs' motion to set aside the verdict. The judgment also included reference to the court's denial of the plaintiffs' motions for a mistrial and for a new trial. From that judgment the plaintiffs have appealed.

The plaintiffs' assignments of error include claims that the court erred in rendering judgment after the time limited by § 51-29 of the General Statutes had expired; in denying their motions; in making a limited finding when the time limited by §§ 51-29 and 52-231 had expired; and in finding that "at no time between March 23, 1971, and July 9, 1971, did counsel request that the motion [to set the verdict aside] be assigned for argument."

The basic issue on this appeal is whether the court erred in rendering judgment on the verdict for the defendants in violation of the time limitation imposed by General Statutes § 51-29. The statute provides: "Any judge of the superior court or the court of common pleas, who has commenced the trial of any civil cause, shall have power to continue such trial and render judgment after the expiration of the term or session of the court at which such trial was commenced; but such trial shall be ended and judgment rendered therein before the close of the next term or session."

The statute was recently interpreted in *Bogaert*

v. *Zoning Board of Appeals,* 162 Conn. 532, 536, 294 A.2d 573, in which we reaffirmed the decision of this court in *Hurlbutt* v. *Hatheway,* 139 Conn. 258, 263, 93 A.2d 161. "The proper interpretation of General Statutes § 51-29 requires a *judge* to decide a case before the end of the session of the court next succeeding the session at which it is commenced and a judgment, . . . rendered after that time, is erroneous absent a waiver or consent by the parties." (Emphasis added.)  *Bogaert* v. *Zoning Board of Appeals,* supra.  The purpose of the statute and a review of the cases in which the statute has been before this court lead to the conclusion that § 51-29 does not apply to jury cases.  The statute was designed to ensure that, in a case tried to the court, the judge consider and decide the controversy expeditiously and within a reasonably brief period after trial.  The sanction imposed on a judgment rendered beyond the time limitations set by § 51-29 is that a party may avoid the judgment and move that the case be reassigned for trial.  In *Bogaert* v. *Zoning Board of Appeals,* supra, 538, and in *Spelke* v. *Shaw,* 117 Conn. 639, 646, 169 A. 787, we observed that, as a practical matter, there is nothing that counsel can do to require the trial judge to comply with the statute.  In a case tried to the court, the most that can reasonably be required of counsel is objection seasonably made after the filing of the court's decision.  *Bogaert* v. *Zoning Board of Appeals,* supra.  The salutary effect of the statute is to compel diligence and a prompt decision on the part of the judge who tried the case, and to avoid the manifest disadvantages attendant on long delay in rendering judgment.  On the other hand, however, judicial economy dictates that the parties will be deemed to have consented to the delay if they fail

to take timely and appropriate advantage of it. See *Borden* v. *Westport,* 112 Conn. 152, 154, 151 A. 512. Thus the statute, as we have construed it, attempts to balance judicial expediency with fairness to the parties and to reduce delays over which counsel have little, if any, control. *Bogaert* v. *Zoning Board of Appeals,* supra, 537; *Hurlbutt* v. *Hatheway,* supra; *Spelke* v. *Shaw,* supra, 644; see also *Dime Savings Bank* v. *Pomeranz,* 123 Conn. 581, 583–84, 196 A. 634; *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 560, 86 A. 26.

The fact that all the cases previously decided under § 51-29 have been court cases does not mean merely that the case before us, which was tried to a jury, is one of first impression. The absence of such a precedent may be easily explained, because an entirely different situation obtains in a case, such as the one before us, which was tried to a jury. Procedurally, there are available to counsel for the prevailing and losing sides opportunities to secure or to delay judgment on the verdict. See Practice Book §§ 254, 255 and Form 252. Section 258 of the Practice Book provides that the court shall render judgment on the verdict unless the verdict is set aside. Thus, unless the motion is granted, judgment will be rendered on the verdict as a matter of course. *Tough* v. *Ives,* 159 Conn. 605, 606, 268 A.2d 371. If the motion to set aside the verdict is denied, then judgment is rendered and the only way to present the ruling is to appeal from the judgment and assign the ruling as error. Maltbie, Conn. App. Proc. § 198 and see also § 183. If a party is aggrieved by the decision of the court, including the denial of a motion to set aside a verdict, he may appeal from the final judgment of the court. Practice Book § 600.

The procedure in a jury case has several distinct effects. First, a motion to set the verdict aside operates to delay the rendering of judgment as well as to secure judicial review of the propriety of the verdict. Second, the motion operates to prolong the time during which an appeal must be filed under § 601 of the Practice Book. In comparison to a case tried to the court, the parties in a jury case enjoy relative autonomy over the period of time in which judgment is ultimately rendered. Should the court refuse to decide the motion and fail to render judgment, the parties may seek an order from this court directing the court to dispose of the motion and to render judgment accordingly. *Tough* v. *Ives,* supra, 607. These differences in procedure persuade us to hold that § 51-29 does not operate in jury cases for the reason that it is primarily the action of counsel, rather than that of the court, which will cause or prevent delay in the rendering of judgment after a verdict. Were we to hold the contrary, counsel for the party against whom the verdict was rendered might be allowed to profit by his own indolence to the prejudice of the other side. To suggest an extreme example, he could, as counsel for the plaintiffs here has sought to do, interpose a motion to set aside the verdict, take advantage of the busy schedule of a judge by not alerting him to the pending motion, avoid a hearing on it, and sit on his hands until the time limitation set by § 51-29 had expired. If the motion thereafter be denied and judgment rendered for the opposing party, he might then claim that the judgment was erroneous under the statute and move for a reassignment of the case for trial. Such a procedure might then be repeated, ad infinitum, with the result that the controversy would never be

finally adjudicated. We cannot permit such a result any more than we can conceive that the General Assembly intended § 51-29 to apply to jury cases and to operate in this manner. Our decision, however, must in no way be construed to diminish the responsibility of a judge to act with diligence and promptness on the matters before him in a case tried to a jury. These obligations to the parties and the administration of justice remain independent of the operation of § 51-29 in its application to cases tried to the court.

We conclude, therefore, that the court properly rendered judgment on the verdict on August 26, 1971, and that the judgment is not affected by the time limitation provided for court cases under § 51-29 of the General Statutes.

The other assignments of error warrant no discussion.

There is no error.

In this opinion the other judges concurred.