LINDA C. WATERMAN *v.* UNITED CARIBBEAN, INC., ET AL.
(7682)

BORDEN, O'CONNELL and FOTI, Js.

Argued September 19—decision released November 28, 1989

*Paul L. Bollo,* for the appellants (defendants).

*Haden P. Gerrish,* with whom, on the brief, was *Bruce F. Cohen,* for the appellee (plaintiff).

FOTI, J. The defendants appeal from the declaration of a mistrial following the court's granting of a motion to set aside the judgment. The defendants claim that the court lacked the power to set the judgment aside. We agree, and find error.

The facts are not in dispute. The plaintiff sued the defendants, United Caribbean, Inc., Freyer Corporation and Carl H. Freyer individually and as a promoter and business manager of Freyer Corporation. The complaint sought damages for default on a promissory note, breach of fiduciary duty, fraudulent conveyance, negligent misrepresentation and fraud. The trial was completed on August 17, 1987, and the last posttrial brief was filed on May 23, 1988.

Because he had not rendered a decision within 120 days of the close of trial, the trial judge, on October 5, 1988, sent a letter to all parties of record requesting that they waive the provisions of General Statutes § 51-183b,[1] and extend the time for the court to render its decision until December 15, 1988. Although the

---

[1] General Statutes § 51-183b provides: "Any judge of the superior court and any state trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

plaintiff consented to the proposed extension of time, the defendants notified the court on October 25, 1988, that they would not execute the consent. On October 26, 1988, 156 days after the last posttrial brief was filed, the court rendered a judgment that substantially favored the defendants Carl Freyer and Freyer Corporation.[2] Thereafter, on October 28, 1988, the defendants filed a written waiver of General Statutes § 51-183b.

The plaintiff filed motions to set aside the judgment and for a new trial, because the judgment was not rendered within 120 days of the completion date of trial, as required by General Statutes § 51-183b. The court vacated the judgment, declared a mistrial, and assigned the matter for a new trial. The court's decision was based on the fact that all parties had not consented to the issuance of the late judgment before it was rendered.

Before turning to the merits of the defendants' appeal, we address the plaintiff's claim that this case is not properly before this court. The plaintiff argues that when a trial court's judgment is set aside or opened, a case returns to its prior status, as if the original judgment had never been entered. The plaintiff asserts that because the court vacated its October 26, 1988 decision, there is no final judgment from which an appeal may be taken.

Although the general rule is that an order setting aside a verdict or opening a judgment is not ordinarily

---

[2] The memorandum of decision provides: "Judgment may enter for the plaintiff against [United Caribbean, Inc.] on its promissory note of $50,000 dated September 25, 1981; judgment may enter for the defendants Carl Freyer and Freyer Corporation on the basis that: plaintiff has failed to sustain her burden of proof of fraudulent misrepresentation; fraudulent nondisclosure of material information; mismanagement; breach of fiduciary duties; or that the so-called 'corporate veil' should be 'pierced.' "

a final judgment within the meaning of General Statutes § 52-263; *Solomon* v. *Keiser,* 212 Conn. 741, 746, 562 A.2d 524 (1989); our Supreme Court has recognized an exception to this rule. It has held that an order of the trial court opening a judgment is an appealable final judgment where the issue raised is the power of the trial court to open. Id., 747–48, citing *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 418, 426 A.2d 1324 (1980).

In the present case, the sole issue presented by the defendants is whether the trial court had the power to set aside the judgment. This appeal fits within the exception carved out in *Costle.* We therefore turn to the merits of the defendants' claim.

General Statutes § 51-183b mandates that judgment in a civil, nonjury case be rendered within 120 days from the completion date of the trial unless "the parties . . . waive the provisions of this section." A trial ends with the filing of the last posttrial brief. *Frank* v. *Streeter,* 192 Conn. 601, 604, 472 A.2d 1281 (1984). In the present case, the last posttrial brief was filed on May 24, 1988, and the decision was not rendered until October 26, 1988. Thus, the 120 day period allowed by General Statutes § 51-183b had passed and the judgment was not timely.

A judgment rendered outside of the statutory period is voidable, or defective, but it is not void. *Frank* v. *Streeter,* supra, 603. Where a decision is voidable, the court does not lack subject matter jurisdiction to render the judgment. *Whitaker* v. *Cannon Mills Co.,* 132 Conn. 434, 438, 45 A.2d 120 (1945); *Foley* v. *Douglas & Bro., Inc.,* 121 Conn. 377, 380, 185 A. 70 (1936). Such a judgment is "erroneous unless there are circumstances amounting to a waiver of the irregularity or the consent of both parties . . ." *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 537, 294 A.2d 573 (1972).

Contrary to the plaintiff's claim, § 51-183b does not require that the consent of all parties be obtained prior to a late judgment. The statute requires only an "objection seasonably made after the filing of the decision." Id., 538. Failure or refusal of a party to consent to a waiver of the statute's requirement before a late judgment does not preclude that party from waiving or asserting that requirement after a late judgment has been rendered. Indeed, if such a precondition did exist, failure to obtain the prior consent of all the parties would necessarily cause any late judgment to be void rather than merely voidable, and this is clearly not the established rule. We conclude, therefore, that a late decision can be avoided only by a party who has not waived the provisions of § 51-183b, and that a party who has not waived those provisions before the judgment may do so afterwards.

The trial court in the present case had the power to render judgment on October 26, 1988, because, although the decision was late, it had jurisdiction over the subject matter. It did not, however, possess the power to set aside the judgment at the request of the plaintiff, who by her express waiver had accepted the late judgment and was therefore bound by it. At the time of judgment, the defendants were the only parties who could have avoided the judgment by seasonably moving to vacate it. On October 28, 1988, however, the defendants waived their statutory right to a timely judgment, as they were entitled to do.

The plaintiff's argument that the defendants must be estopped from waiving after a prior refusal to consent is without merit. There is no indication that either the plaintiff or the court had detrimentally relied on the defendants' refusal to consent. The plaintiff also argues that to allow the defendants to waive the provisions of § 51-183b results in a miscarriage and circumvention of justice and that it is manifestly unfair.

This claim, too, is without merit. The defendants did not gain a favorable decision by their refusal to consent, as the trial court need not have rendered a late judgment. The late judgment merely gave the defendants the option to avoid that judgment by asserting their right to a timely judgment, or to waive that right.

In summation, General Statutes § 51-183b places no obligation upon the parties to a civil action, but requires the judge to render a timely decision. The parties may waive the provisions of the section, refuse to waive, or take no action. See *Bogaert* v. *Zoning Board of Appeals,* supra, 537–38. Although the judgment herein was voidable, ultimately, all of the parties expressly waived the defect of its untimeliness, and it should not have been set aside.

There is error, the judgment is set aside and the case is remanded with direction to render judgment as on file.

In this opinion the other judges concurred.