LINDA C. WATERMAN *v.* UNITED CARIBBEAN, INC.,
ET AL.
(13871)

PETERS, C. J., SHEA, CALLAHAN, GLASS and HULL, Js.

Argued May 30—decision released July 24, 1990

*Haden P. Gerrish,* with whom, on the brief, were *Bruce F. Cohen* and *Fernando F. deArango,* for the appellant (plaintiff).

*Paul L. Bollo,* for the appellees (defendants).

PETERS, C. J. The sole issue in this appeal is whether a party's prejudgment refusal to consent to an extension of time deprives a trial court of personal jurisdiction to render a judgment beyond the 120 day period allowed under General Statutes § 51-183b.[1] The plaintiff, Linda Waterman, initiated this action to recover damages on a defaulted promissory note and on related allegations of fiscal misconduct from the defendants, United Caribbean, Inc., Carl H. Freyer and Freyer Corporation. The trial court rendered judgment, beyond the 120 day period of § 51-183b, in favor of the plaintiff against the named defendant but in favor of the remaining defendants. Although the defendants, who had originally refused, then consented to the delayed judgment, the trial court granted the plaintiff's motion to vacate its judgment and to declare a mistrial. On the defendants' appeal to the Appellate Court, that court reversed the judgment of the trial court and ordered a reinstatement of the defendants' judgment. *Waterman* v. *United Caribbean, Inc.,* 20 Conn. App. 283, 566 A.2d 443 (1989). This court granted the plaintiff's petition for certification to appeal,[2] and we now reverse the judgment of the Appellate Court.

The procedural issues arise out of a 1981 agreement between the plaintiff and the named defendant, a

[1] General Statutes § 51-183b provides: "Any judge of the superior court and any state trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

[2] We limited the plaintiff's appeal to the following question: "Did the Appellate Court err in concluding that a trial court may properly render judgment beyond the 120 day period allowed by Connecticut General Statutes § 51-183b without the waiver or consent of all parties prior to rendition of the judgment?" *Waterman* v. *United Caribbean, Inc.,* 213 Conn. 813, 569 A.2d 549 (1990).

newly formed corporation established to invest in real estate in the United States Virgin Islands. The plaintiff advanced the named defendant $50,000 in return for a promissory note obligating the defendant to repay the principal sum plus interest in the amount of 10 percent per annum. When the business venture failed, the plaintiff commenced this action on the defaulted note against the named defendant and to recover damages for fraud, misrepresentation and breach of fiduciary duty from the remaining defendants.[3]

The issues were tried to the court in proceedings that ended on August 17, 1987, and the last posttrial brief was filed on May 23, 1988. *Waterman v. United Caribbean, Inc.*, supra, 284. By a letter dated October 5, 1988, which acknowledged that a judgment had not been rendered within the 120 day period required by § 51-183b, the trial court asked the parties to consent to an extension of time until December 15, 1988. Id. The plaintiff acceded to this request, but the defendants, by telephone and by letter dated October 25, 1988, refused to agree. Id., 283–84. Knowing of the defendants' refusal, the trial court on October 26, 1988, issued an abbreviated memorandum of decision limiting the plaintiff's recovery to her action against the named defendant on the promissory note but otherwise ruling in favor of the defendants. Recognizing that this ruling was substantially in their favor, the defendants thereafter, by letter dated October 28, 1988, attempted to execute a consent to the late rendering of the judgment.

In its order granting the plaintiff's motion to set aside the judgment and for a new trial, the trial court inter-

---

[3] The defendant Carl H. Freyer was an incorporator, director and officer of the named defendant. At the same time, he was also president of the defendant Freyer Corporation, which received certain fees from the named defendant.

preted the waiver provision of § 51-183b to require the consent of all parties, executed prior to the issuance of the belated decision. Since the defendants had not so consented, the court vacated the judgment it had rendered. The Appellate Court disagreed, holding that failure to consent to a waiver before a late judgment "does not preclude that party from waiving or asserting that requirement after a late judgment has been rendered." Id., 287. The Appellate Court took the view that the plaintiff was bound by her express waiver from the time of its execution, but that the defendants had legally retained the option either to avoid or to ratify the judgment by appropriate action within a seasonable period after its rendition. Id., 287–88.

The plaintiff contends on appeal that, under the circumstances of this case, the trial court, when it rendered its judgment beyond the time period permitted by § 51-183b, lacked the requisite personal jurisdiction over the defendants and its judgment was therefore void. Because we agree with this contention, we need not consider the plaintiff's alternate arguments challenging the trial court's subject matter jurisdiction and the constitutionality of its decision in favor of the defendants.

Section 51-183b is the most recent revision of legislation that, in order to reduce delay and its attendant costs, imposes time limits on the power of a trial judge to render judgment in a civil case. The origin of the section may be traced to chapter 3 of the Public Acts of 1879. *Spelke* v. *Shaw,* 117 Conn. 639, 643, 169 A. 787 (1933). Situations such as that presented in *Jaques* v. *Bridgeport Horse-Railroad Co.,* 43 Conn. 32 (1875), wherein this court held that following the completion of a trial, judgment in a case could not be held over until the following term absent the consent of the parties, probably inspired the original provision. *Spelke* v. *Shaw,* supra.

In past cases interpreting § 51-183b and its predecessors, we have held that the defect in a late judgment is that it implicates the trial court's power to continue to exercise jurisdiction over the parties before it. *Whitaker* v. *Cannon Mills Co.,* 132 Conn. 434, 438, 45 A.2d 120 (1945); *Foley* v. *George A. Douglas & Bro., Inc.,* 121 Conn. 377, 380, 185 A. 70 (1936). We have characterized a late judgment as voidable rather than as void; *Borden* v. *Westport,* 112 Conn. 152, 154, 151 A. 512 (1930); *Lawrence* v. *Cannavan,* 76 Conn. 303, 306, 56 A. 556 (1903); and have permitted the lateness of a judgment to be waived by the conduct or the consent of the parties. See, e.g., *Hurlbutt* v. *Hatheway,* 139 Conn. 258, 263, 93 A.2d 161 (1952); *Whitaker* v. *Cannon Mills Co.,* supra. Thus, if both parties simultaneously expressly consent to a late judgment, either before the judgment is issued, or immediately thereafter, the judgment is valid and binding upon both parties, despite its lateness. Express consent, however, is not required. If a late judgment has been rendered and the parties fail to object seasonably, consent may be implied. *Gordon* v. *Feldman,* 164 Conn. 554, 556-57, 325 A.2d 247 (1973); *Borden* v. *Westport,* supra; *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 560, 86 A. 26 (1913). Because consent may be implied from a failure to object seasonably after a delayed judgment has been rendered, these cases do not support the trial court's ruling that § 51-183b invariably requires the *prior* consent of both parties in order to waive the time limits the statute imposes.

These implied consent cases establish that an unwarranted delay in the issuance of a judgment does not automatically deprive a court of personal jurisdiction. Even after the expiration of the time period within which a judge has the power to render a valid, binding judgment, a court continues to have jurisdiction over the parties until and unless they object. It is for this

reason that a late judgment is merely voidable, and not void. It is for this reason as well that the issues arising under § 51-183b have focused on the question of waiver.

We have concluded that waiver has validated a judgment voidable under § 51-183b and its predecessors in one of two factual contexts. In the first context, the losing party has promptly sought to set aside an unfavorable judgment, only to be met by the winning party's claim of waiver by virtue of the losing party's prejudgment conduct. See, e.g., *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 537–40, 294 A.2d 573 (1972); *Hurlbutt* v. *Hatheway,* supra, 263–64; *Lawrence* v. *Cannavan,* supra, 307–308. In the second context, the losing party has allowed the defective judgment to stand without objection for an unseasonable period of time and through inaction has enabled the winning party to claim implied consent to the delay that has occurred. See, e.g., *Gordon* v. *Feldman,* supra, 556–57; *Borden* v. *Westport,* supra, 154; *Cheshire Brass Co.* v. *Wilson,* supra, 560.

The present case does not fit neatly into either of these familiar scenarios. The plaintiff's agreement to the trial judge's request for an extension of time within which to render judgment undoubtedly waived any issue with regard to the court's continuing personal jurisdiction over her. The consequences of the defendants' prejudgment refusal of this request, and their postjudgment change of position, are more difficult to assess. We must decide whether the defendants' initial nonwaiver so definitively deprived the trial court of personal jurisdiction over them that their subsequent attempt to waive the delay, immediately after judgment had been rendered, was ineffectual to validate the court's judgment.

The defendants argue that because the consent of the parties may confer personal jurisdiction upon a court, their execution of a consent following the trial judge's issuance of the late, yet favorable, judgment was sufficient to cure any defect therein. That argument would be persuasive if the defendants had remained silent prior to the late rendering of the judgment. In such a situation, the court would have continued to have had personal jurisdiction to enter a voidable judgment, and the defendants' subsequent consent would have cured the defect in the judgment. A similar result would have followed if the defendants had retracted their initial refusal before the trial judge had rendered its judgment. In such circumstances, the retraction would have empowered the court to exercise personal jurisdiction, at the time it rendered the judgment, to issue a voidable judgment to which the defendants could have then consented or objected.

In the present case, however, the defendants' initial refusal to consent to a late judgment deprived the court of personal jurisdiction over them. The defendants' prejudgment exercise of the authority conferred upon them by § 51-183b to refuse to waive the delay had the same effect as a timely objection after judgment would have had. By their conduct, they made the judgment, when rendered, not merely voidable but void. Although a voidable judgment may be cured, a void one may not. The defendants' execution of a consent following the late judgment's issuance therefore had no legal effect.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reinstate the trial court's declaration of a mistrial and order for a new trial.

In this opinion the other justices concurred.