[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO VACATE THE JUDGMENT OF STATE TRIAL REFEREE
FACTS
Evidence in this case was concluded on January 24, 1991. The plaintiff filed a post trial memorandum on the same day. The defendant had filed a trial brief on January 23. Then, on January 29, 1991, the defendant filed a reply brief. This brief was not solicited by the referee nor was his permission obtained prior to its filing. The memorandum of decision was filed on May 29, 1991, 120 days from January 29th.
The plaintiff has filed a motion to vacate the judgment and seeks a new trial, citing 51-183b of the C.G.S. which requires judges and referees to render judgment not later than 120 days from the completion date of the trial. This section reads as follows:
 Any judge of the superior court and any state trial referee who has the power to , render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section.
The plaintiff's argument is that the filing of the reply brief should be ignored and the 120 days counted from the completion of trial and filing of the last trial brief, viz. January 24, 1991. The defendant argues that the date of the filing of the reply brief is the date from which the 120 days is counted. The plaintiff also questions the validity of the judgment because the May 29th memorandum contained no statement dissolving the marriage. On May 30th, an amendment containing such language was filed.
Section 51-183b has been interpreted in Frank v. Streeter,192 Conn. 601 (1984), but Connecticut Courts have not yet determined whether "the completion date of trial" includes an unsolicited post trial brief. The issue in Frank was whether "the completion date of trial" occurs when the last testimony has been heard or upon the subsequent submission of trial briefs. The Connecticut Supreme Court in Frank affirmed the trial court's decision that held that "the completion date of trial" occurs upon the filing of the last post trial brief. Id. at 603. The Frank court reasoned that "briefing of the legal issues was a component of the judicial gathering of the materials necessary to a well reasoned decision. In related contexts `completion' has been held to encompass the availability of all the elements directly or indirectly to be considered in the rendering of a decision. See CT Page 5974 Bank America Corporation v. Board of Governors, 596 F.2d 1368,1378 (9th Cir. 1979)." Id. at 604. The court cited cases in other jurisdictions in determining that statutory provisions containing specific time periods for the rendering of judgments are directory rather than mandatory. Id. at 605. The court noted: "When litigation raises difficult questions of law, a trial court is well-advised to request briefs and to defer its written decision until such time as the court has had the opportunity to deliberate and to reach a thoughtful, reasoned conclusion." Id. at 605. The court in Frank stated: "We recognize that our construction of the requirement of 51-183b makes the time period for rendering a decision more open-ended than it was previously. The legislature may well have intended to allow such flexibility as a tradeoff for reduction of the allowed period from eight to four months." Frank, 192 Conn. at 604. In a footnote the court further noted:
 The legislative history of the 1981 amendment reflects emphasis on the shorter time period rather than on the later triggering point. See 24 S. Proc., Pt. 3, 1981 Sess., p. 730. In testimony before the Judiciary Committee, Judge Maurice J. Sponzo noted the administrative difficulty of requiring a decision within eight months of the commencement of a trial whose length it might be difficult to determine in advance. Judiciary Committee Proc., Pt. 3, 1981 Sess., p. 736.
Frank, 192 Conn. at 604, n. 6.
The plaintiff did not file an objection to the filing of the "reply brief" and the referee did not return it to the defendant. The plaintiff, by her inaction, acquiesced in the January 29 filing. Presumably, the referee, by taking no action, received it and treated it as part of the briefing process.
The court concludes that "the completion date of trial" in this case was January 29, the date of the filing of the "reply brief." It, therefore, follows that the judgment of May 29 was rendered within 120 days and satisfied the requirement of 51-183b.
The plaintiff did not file her motion to vacate this judgment until June 17, 1991. The court continues to have jurisdiction over the parties until and unless the parties object to the late judgment. Waterman v. United Caribbean, Inc., 215 Conn. 688
(1990). Thus, a late judgment is voidable rather than void. Id. at 693.
The lateness of judgment may be waived by the conduct or consent of the parties. Id. at 692. Where both parties express consent to a late judgment, through conduct or consent: CT Page 5975
 either before the judgment is issued, or immediately thereafter, the judgment is valid and binding upon both parties, despite its lateness. Express consent, however, is not required. If a late judgment has been rendered and the parties fail to object seasonably, consent may be implied. Gordon v. Feldman, 164 Conn. 554, 556-57, 325 A.2d 247 (1973); Borden v. Westport, supra; Cheshire Brass Co. v. Wilson, 86 Conn. 551, 560, 86 A.2d (1913). Because consent may be implied, from a failure to object seasonably after a delayed judgment has been rendered, these cases do not support the trial court's ruling that 51-183b
invariably requires the prior consent of both parties in order to waive the time limits the statute imposes. (emphasis added)
Waterman v. United Caribbean, Inc., 215 Conn. 688, 692.
The plaintiff allowed the alleged "late judgment" to stand without objection from May 29, 1991 (the date the parties were notified) to June 17, 1991. This period of time is found to be "unseasonable" and by her inaction for that period she has impliedly consented to the "late judgment." See Waterman,215 Conn. at 688 and Gordon v. Feldman, 164 Conn. at 556-57.
 III
The plaintiff also questions the validity of the judgment because, as originally filed, it contained no specific statement dissolving the marriage. On May 30, the referee filed an amendment which contained such language. The plaintiff argued that language dissolving the marriage is essential to a valid judgment and since the May 29 judgment did not contain it, that judgment is invalid. Then, she urges the amendment of May 30 was invalid because it issued on the 121st day after January 29, even if that date is considered the trial completion date.
Because of the very title, "Memorandum of Decision," and the fact that it recited a property distribution and other awards, it is obvious that the document was intended to dissolve the marriage. In fact, on page 8, the second paragraph of Section 3 reads:
"At the end of two years from this dissolution, . . ."
The court, therefore, concludes that the amended decision merely corrected a clerical error or oversight in the original memorandum of decision and thus was properly made. CT Page 5976
 `It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake.; American Trucking Assns. v. Frisco Transportation Co., 358 U.S. 133, 145, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958); see Practice Book 326; Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707, 710, 462 A.2d 1037
(1983). `If a memorandum incorrectly formalizes the decision that was reached in deliberation it should be corrected.' `Their correction does not undercut the decisional process but seeks to give its outcome accurate expression.' Restatement (Second) Judgments 71(e); see Sibley v. Middlefield, 143 Conn. 100, 109, 120 A.2d 77
(1956).
Lamont v. New Hartford, 4 Conn. App. 303, 306-7 (1985); see Jetmore v. Jetmore, 6 Conn. App. 632, 635 (1986).
A "clerical error" is "one in which no change is sought in the judgment rendered by the court but only in an alleged improper recording of that judgment: its purpose is to make the record conform to what actually took place." 2 Stephenson, Conn. Civ. Proc. 207 p. 852-53. Clerical errors may be corrected sua sponte by the court at any time, even after the end of the term. Blake v. Blake, 211 Conn. 485, 494 (1989). (Note: pursuant to Conn. Gen. Stat. 51-81 "[t]he superior court shall sit continuously throughout the year. . . ." — terms of court have been abolished). Additionally, Conn. Practice Bk. 326 provides that any civil judgment or decree may be opened or set aside "within four months succeeding the date on which it was rendered or passed."
It is the conclusion of the court that the referee's failure to include an order dissolving the marriage in his original written memorandum of decision which contained the findings of the court pursuant to the dissolution was a clerical error or mere oversight. The amendment did not change the legal import of that judgment. The correction which the referee made was effectually one of form not substance. Thus, the corrected memorandum of decision is proper.
 IV
In support of her motion, the plaintiff also argues that if this court gives recognition to the unsolicited "reply brief", and thereby "extends" the 120 days, a party can wait 119 days and then start the 120 day cycle running again by the simple act of filing a brief or memo which would then constitute "completion" under CT Page 5977 Frank v. Streeter, supra.
This decision addresses an entirely different situation. The "reply brief" followed the plaintiff's post trial memo by only five days. As noted above, this brief was accepted by the referee. The plaintiff did not object to it. One would seriously doubt the same thing happening if the brief arrived on the 119th day. It would appear to be incumbent upon judges and referees to act affirmatively in instances where a party, of its own volition, files something after all scheduled filings have taken place.
 V
The motion to vacate the judgment is denied.
ANTHONY V. DEMAYO, JUDGE