[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION, MOTION FOR MISTRIAL AND FOR NEW TRIAL
An action for dissolution of marriage was tried and trial was completed on August 24, 1990. Final briefs on the case were filed October 15, 1990. The decision of the court was required within 120 days of that date on February 12, 1991, per Connecticut General Statutes Section 51-183b. Frank v. Streeter, 192 Conn. 601 (1984), which starts the running of 120 days as of the date the final brief is filed.
The court's judgment was not filed until March 5, 1991. The plaintiff filed a motion for a new trial and mistrial on March 15, 1991, ten days after the entry of judgment.
The plaintiff claims that under Connecticut General Statutes Section 51-183b the judgment is void. She claims also that there was no waiver of the time limitation, nor was there any agreement to extend the 120 day time limit. The defendant claims that the judge's clerk was told by a secretary in the office of plaintiff's attorney that the time limitation would "probably be waived". However, the parties agree that no written waiver was filed with the court. The court therefore finds that there was no waiver of the 120 day time limitation. Waterman v. United Carribbean, Inc., 215 Conn. 688 (1990);20 Conn. App. 283 (1989). When the trial court renders its judgment beyond the time period required by Connecticut General Statutes Section 51-183b, it lacks the requisite personal jurisdiction over the parties to that action and therefore the judgment is void. Waterman at p. 691.
The defendant has raised the objection that the plaintiff's motions were not timely filed under Practice Book Section 320 which requires new trial motions to be filed within five days after the verdict is accepted or judgment is rendered. The plaintiff's motions were not filed until March 15, 1991, ten days after the entry of judgment. However, Connecticut General Statutes Section 51-183b does not specify a time limit for filing such motions. When this section is violated, only a "seasonable" objection is required. Connecticut Light Power v. Castle, 179 Conn. 415, 420 (1980). The court, therefore, finds that Practice Book Section 320 does not apply to this violation of Section 51-183b.
Defendant argues that a late judgment is merely voidable and not void. Waterman, at p. 692-693. However, this court in Waterman concluded that failure to waive a delay had the same effect as a timely objection after judgment would have had. Thus, the judgment when rendered was not merely voidable but void. Although a voidable judgment may be cured, a void one may not. Accordingly, the court may not permit the judgment to CT Page 7986 stand. Id. p. 694.
The plaintiff's motion for a mistrial and for a new trial are hereby granted. The objection to the filing of the judgment is hereby sustained.
Hurley, J.