The defendant appeals the March 3, 1992 decision of the Family Magistrate adjudging the defendant to be the father of the minor child, Gordon Jennett, born to the plaintiff mother on or about December 2, 1974.
The initial complaint, dated October 24, 1989, purports to have been served on the defendant's abode alleged to have been, on January 21, 1990, 1423 Quinnipiac Avenue, Apt. 501, New Haven, CT. The return of service is unsigned. The defendant did not appear and on March 7, 1990, he was adjudged to be the father of the child in question after being defaulted.
In October, 1990, the defendant was served "in the hands" with an application for both a contempt order and a wage with holding. The defendant failed to appear and a capias was ordered.
On December 21, 1990 the defendant filed a pro se appearance and on January 22, 1991 counsel appeared on his behalf. A "Motion to Reopen and Vacate Judgment" was filed the same day by defendant's counsel and on March 22, 1991 the motion was granted by the Family Magistrate. The effect of this court order was to return the action to a pending status.
The next docketed item (#110 and 110.50) in the file is a paternity petition dated April 25, 1991, containing an order for hearing and CT Page 5753 service issued on May 3, 1991, scheduling a hearing for July 12, 1991, and bearing that same docket number as the first paternity petition, which continued to repose in the file in a pending status. This second petition was served at the defendant's abode on June 26, 1991.
The defendant's attorney prepared a Motion to Dismiss, dated March 4, 1991 and certified mailing a copy on that day to the office of Attorney General. The original bears a time stamp of the Waterbury Superior Court "Mar 6 8:32 AM '91", which is then "X"ed by unknown hand. The certification in handwriting asserts another mailing on "10th day of July, 1991" by counsel and is date stamped again by Waterbury Superior Court on "Jul 11 8:28 AM '91" as Document (111). The motion seeks the dismissal of the initial petition. The State objected to the motion to dismiss (112) with brief (112.50).
On August 9, 1991 the defendant's attorney filed a "Supplementary Motion to Dismiss II" moving "to dismiss the above entitled action" for insufficient service of the second petition (emphasis added), with a supporting brief (114.50). One of the grounds alleged in support of the motion stated:
 "Further, by serving another paternity petition in the same file, the plaintiff has made a judicial admission that the first petition is defective and Third, there is no provision in the Practice Book or the Statutes for the re-service of a petition in a dismissed file or one in which a Motion to Dismiss a defective petition is pending, especially when there has not been compliance with P.B. 103 and P.B. 196."
On August 20, 1991 the Family Magistrate denied the defendant's earlier motion to dismiss as follows:
 "The Defendant is apparently alleging that there is insufficiency of service of process of the paternity petition. However, the Defendant's motion is attacking the first paternity petition. The Defendant makes no reference to the paternity petition filed on July 5, 1991. As the Court is entertaining the second paternity petition, and as the Defendant has chosen not to address that petition, then the Defendant's Motion to Dismiss is denied."
The initial petition was finally put to rest on September 12, 1991 when the Attorney General filed a withdrawal of the complaint noting "Dated Oct. 24, 1989 only. Please do not withdraw docket #." (Emphasis in original).
The defendant's Supplementary Motion to Dismiss II has never been ruled on. CT Page 5754
The defendant moved to reargue his motion to dismiss (111) which was denied by the Family Magistrate on February 21, 1992.
The defendant's attorney called the Family Magistrate's attention to the pending motion to dismiss that was never acted upon (Transcript, p. 9) during the February 21, 1992 hearing. The Family Magistrate's ruling that "[t]he matter is not properly before the court" (transcript, p. 11) is incorrect. The defendant raised the issue of lack of jurisdiction over his person due to insufficient service of process in proper fashion, Practice Book 142, et seq.
"Jurisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render the particular judgment are three separate elements of a court's jurisdiction." Castro v. Vera,207 Conn. 420, 423 (1988). "A motion to dismiss tests, inter alia, whether the court is without jurisdiction." Upson v. State,190 Conn. 622, 624 (1983). "Lack of jurisdiction, once raised, must be disposed of." Id., 625, citing Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297 (1982). Finally, a judgment rendered by a court which lacks personal jurisdiction over the individual is voidable. Waterman v. United Caribbean, Inc., 215 Conn. 688,691-694 (1990).
The defendant filed a timely motion to dismiss, challenging the court's jurisdiction over his person. The court never acted on the motion and the defendant, either expressly or by his actions, never waived his claim that the court lacked jurisdiction over him. Therefore, the court's judgment against the defendant is vacated. The challenge to the court's jurisdiction over the defendant must be decided before proceeding to a trial on the merits.