ANILDA SANCHEZ ET AL. *v.* ALFRED PRESTIA ET AL.
(10669)

DUPONT, C. J., DALY and FOTI, Js.

---

Argued May 6—decision released September 15, 1992

*Dennis J. O'Brien,* with whom were *Karen Richards* and *David Stowe,* for the appellants (plaintiffs).

*Harold J. Geragosian,* for the appellee (named defendant).

DUPONT, C. J. This action was brought under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §§ 42-110a through 42-110q, on behalf of a class of low income tenants who sought injunctive and monetary relief from their landlords for the landlords' failure to obtain certificates of occupancy and their failure to maintain the housing in a habitable condition. The trial court, *Goldstein, J.,* rendered a summary judgment in favor of the plaintiffs on the issue of liability on the CUTPA claim. The case was then tried to the court, *Susco, J.,* on the issue of damages. The court

awarded actual damages to individual class members, ranging from $30 to $760, and punitive damages to the class in the amount of $14,200.

The trial was completed on August 19, 1990, but the trial court did not file its memorandum of decision rendering judgment until almost one year later, on August 6, 1991. The defendant Alfred Prestia[1] objected to the late filing and promptly moved to open and to set aside the judgment as violative of General Statutes § 51-183b,[2] and to obtain an order for a new trial. The motion was granted and the judgment was set aside.[3]

The plaintiffs claim that the trial court should not have set aside the judgment pursuant to § 51-183b because the statute (1) violates the separation of powers provision, article second, of the Connecticut constitution, (2) should not be applied to a hearing in damages in a class action brought under CUTPA, and (3) does not provide for the sanction of opening and setting aside the judgment.

The plaintiffs did not raise the first issue in the trial court, and the trial court had no hint that the plain-

---

[1] There were two defendants at trial but only the named defendant is involved in this appeal.

[2] General Statutes § 51-183b provides: "Any judge of the superior court and any state trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

[3] The plaintiffs have appealed from the granting of the motion to open and to set aside the judgment. Although an order granting such a motion is not ordinarily a final judgment within the terms of General Statutes § 52-263, it is appealable if the appeal challenges the power of the court to act to set aside the judgment. *Solomon* v. *Keiser*, 212 Conn. 741, 745–47, 562 A.2d 524 (1989). The plaintiffs here challenge the power of the trial court pursuant to General Statutes § 51-183b to open a judgment. Such a challenge is appealable. *Waterman* v. *United Caribbean, Inc.*, 20 Conn. App. 283, 285–86, 566 A.2d 443 (1989), rev'd on other grounds, 215 Conn. 688, 577 A.2d 1047 (1990).

tiffs would claim on appeal that the legislature had stepped into an area reserved exclusively for the exercise of judicial power. Although this claim would not ordinarily be reviewable; Practice Book § 4185; it is implicated in the plaintiffs' other two claims. All three claims may be disposed of in a summary fashion because of the longstanding decisional acceptance of and adherence to this statute by our courts; see *Waterman* v. *United Caribbean, Inc.,* 215 Conn. 688, 577 A.2d 1047 (1990); *Frank* v. *Streeter,* 192 Conn. 601, 472 A.2d 1281 (1984); *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 294 A.2d 573 (1972); *Hurlbutt* v. *Hatheway,* 139 Conn. 258, 93 A.2d 161 (1952); *Whitaker* v. *Cannon Mills Co.,* 132 Conn. 434, 45 A.2d 120 (1945); *Spelke* v. *Shaw,* 117 Conn. 639, 169 A. 787 (1933); *Borden* v. *Westport,* 112 Conn. 152, 151 A. 512 (1930); *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 86 A. 26 (1913); *Lawrence* v. *Cannavan,* 76 Conn. 303, 56 A. 556 (1903); and will be discussed together in this opinion.

After reviewing legislation, a court may conclude that the legislature did not have the authority to enact it because it interferes with the essential jurisdiction of a constitutional court. *State* v. *Clemente,* 166 Conn. 501, 514, 353 A.2d 723 (1974). This is not an instance in which such a conclusion can be drawn. The many prior statutory enactments culminating in § 51-183b had their origin in chapter 3 of the Public Acts of 1879. *Waterman* v. *United Caribbean, Inc.,* supra, 691. The longstanding decisional acceptance of prior statutes and of § 51-183b makes it clear that § 51-183b is distinguishable from those statutes "pertaining to court 'administration, practice, or procedure,' which . . . have [been] held not to be binding on the constitutional courts . . . ." *State* v. *James,* 211 Conn. 555, 561, 560 A.2d 426 (1989), quoting *Adams* v. *Rubinow,* 157 Conn. 150, 156, 251 A.2d 49 (1968). The statute does not conflict with any rule of procedure or practice established

by the judiciary. *State* v. *James,* supra, 562. In fact, compliance with the statute is carefully monitored by administrative judges and case flow managers. Furthermore, the plaintiffs challenge the imposition of the sanction for noncompliance with § 51-183b. The sanction of opening the judgment and granting a new trial is not in the statute but instead has been judicially created. In fact, this judicially created sanction for delay was recognized in *Jaques* v. *Bridgeport Horse-Railroad Co.,* 43 Conn. 32 (1875) and "probably inspired the original [statutory] provision." *Waterman* v. *United Carribean, Inc.,* supra, 691.

We must therefore conclude that General Statutes § 51-183b does not violate the separation of powers provision of article second of the Connecticut constitution. It is a statute relating to the jurisdiction of the courts, a subject that is exclusively a province of the legislature. Article fifth, § 1, of the Connecticut constitution provides in part that "[t]he powers and jurisdiction of these courts shall be defined by law."

Section 51-183b does not except from its reach cases that are concluded with a hearing in damages nor does it except class actions or any particular cause of action. It applies to all civil causes, and unless the parties waive its provisions, a trial court must render its decision within 120 days of the completion of the trial, which ends with the filing of briefs when requested. *Frank* v. *Streeter,* supra. The parties did not waive the provisions of the statute, and the court, therefore, lost jurisdiction of the parties at the expiration of the 120 days. *Waterman* v. *United Caribbean, Inc.,* supra.

The plaintiffs correctly assert that the statute is silent as to the sanction for a violation of it. The statute is mute, but the holdings of the cases interpreting it are not. The consequence of the trial court's failure to ren-

der a decision within the statutory time limit is the revocation of the judgment eventually rendered, and the concomitant necessity for a new trial. *Waterman* v. *United Caribbean, Inc.*, supra; *Frank* v. *Streeter*, supra.

The judgment is affirmed.

In this opinion the other judges concurred.