[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE DEFENDANT'S APPEAL OF FAMILY SUPPORT MAGISTRATE
The defendant moved to modify the child support order by motion docketed on June 15, 1992. Also pending at that time was an application for contempt order docketed on December 23, 1991, returnable to January 27, 1992. The initial order entered by the Family Support Magistrate (FSM) on February 14, 1992, stayed an arrearage and ordered the defendant to pay $25. weekly with the balance to accrue as an arrearage retroactive to January 16, 1992. At the next hearing, on June 29, 1992, the FSM appointed an attorney to serve both in the capacity as guardian ad litem and as attorney for the minor child. The defendant was receiving City Welfare.
The issue is the defendant's claim that he is unable to work due to injuries sustained in a motor vehicle accident that occurred on November 11, 1989.
At the end of the hearing, the FSM declined to enter a final decision due to insufficient evidence of the defendant's physical condition and his earning capacity. The motions were continued to December 28, 1992, over the defendant's objection. The defendant appealed the September 15, 1992 decision.
On December 28, 1992, the motions were continued to January 25, 1992, then to March 8, 1992 and then to April 5, 1993.
On March 22, 1993, this court ordered briefs, the last being received on April 5, 1993.
The defendant is entitled to a final appealable decision on his motion, based on the evidence presented. It is error to refuse to rule on the motion at the conclusion of the evidence. This court now rules that 51-183b applies to FSM matters. Since more than 120 days expired after the conclusion of the February 14, 1992 hearing before a final decision was rendered, said statutory section was violated. Again, more than 120 days have expired since the conclusion of the June 29, 1992 without a final decision. The memorandum dated September 15, 1992, docketed on October 5, 1992, orders the hearing to continue in December. The order and the failure to decide the motions within 120 days violated the statute again, Sanchez v. Prestia, 29 Conn. App. 157, CT Page 5910 161 (1992).
The appeal is sustained. The matter is remanded for a hearing de novo before another magistrate who shall enter a final decision at the conclusion of the evidence in a timely fashion, as directed by 51-183b, C.G.S.,
HARRIGAN, J.