[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO SET ASIDE JUDGMENT
This is a foreclosure action brought by the plaintiffs seeking strict foreclosure against the defendants.
The matter was tried before State Trial Referee Harold Missal. It was concluded with the filing of a post-trial brief by the plaintiff on June 16, 1995. Judge Missal rendered judgment of strict foreclosure, established the fair market value of the property, and decided the issues for the plaintiff on two special defenses and two counterclaims, and found the defendants in default on payments of principal, interest, taxes, insurance and costs.
He thereupon continued the matter for the presentation of further evidence on the debt and attorneys fees and for a hearing on the law day.
Judge Missal's memorandum of decision was filed on October 2, 1995, which was within the 120-day period mandated by General Statutes § 51-183b. It states as follows:
"Any judge of the superior court and any state trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to CT Page 13885 continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."
On November 2, 1995 the defendants filed this motion to set aside the judgment, alleging non-compliance with § 51-183b
because, allegedly, a final judgment was not rendered within the 120-day period required by the statute. This motion was filed 31 days after judgment was rendered by Judge Missal. The defendants claim in this motion that inasmuch as the judgment was not final for the purposes of appeal, it was void because of the 120-day rule, citing such cases as Danbury v.Hovi, 34 Conn. App. 121 (1994), and Essex Savings Bank v.Fremberger, 21 Conn. App. 80 (1991).
While those cases correctly state the law as to what constitutes a final judgment, they are inapposite to the issue in this case, because nowhere in § 51-183b does the statute use the word "final." In fact, the statute specifically gives the judge the option to "continue such trial."
The defendants motion must fail on yet another ground. Our courts have recognized that § 51-183b does not mandate that every judgment that exceeds the 120-day requirement is void, but have uniformly held that such judgments are voidable. Waterman v. United Caribbean, Inc., 215 Conn. 688
(1990). The late filing may be waived by the parties either by consent or by conduct. Waterman, supra, 692.
Other cases have more closely defined what type of conduct would constitute such consent and have established that objection to the tardiness must be "seasonably made."Bogart v. Zoning Board of Appeals, 162 Conn. 532 (1972),Gordon v. Feldman, 164. Conn. 554 (1973).
In Ippolito v. Ippolito, 28 Conn. App. 745 (1992), a motion to vacate the judgment was filed 19 days after the entry of judgment. The trial court, DeMayo, J. found such objection to be unseasonable and found that "by her action for that period that she has impliedly consented to the "late judgment", citing Waterman, supra 628, and Gordon, supra, 556-57.
It is the conclusion of this court that the defendants herein have likewise not acted reasonably in filing this CT Page 13886 motion.
Therefore, because (1) the court had the power to continue the case for further evidence, having decided all of the salient issues in the case and needing further evidence to finalize the debt, counsel fees, and law day; and (2) the defendants have consented because of their unseasonable objection to any late filing, their motion to set aside the judgment is denied.
Freed, J.