[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case was referred to an attorney trial referee pursuant to General Statutes § 52-434 (a) and Practice Book § 428. Post trial briefs were filed on or about January 15, 1995, and therefore the report by the referee to the court was due not later than May 14, 1995. Practice Book § 430A. Gumpert v.CT Page 4319Ore-Ida Foods, Inc., 39 Conn. App. 635, 637, 666 A.2d 437 (1995). The report of the referee was filed with this court on February 13, 1996, but was not transmitted to counsel by the case flow office of this court because of the issue of late filing and possible waivers thereof.
General Statutes § 51-183b explicitly provides that the 120 day limit for judges to issue a decision may be "waived." There is no reason to believe that the 120 day period for attorney trial referees to file their reports may not also be waived pursuant to Waterman v. United Caribbean, Inc., 215 Conn. 688,692, 577 A.2d 1047 (1990).[1] Thus, the issue with respect to the plaintiff's motion #138, dated February 29, 1996, seeking to revoke the reference to the referee because his report was not filed in a timely fashion pursuant to Practice Book § 430A, is whether the objection to the late filing was waived.
In this case, the plaintiff, Arnie's Plumbing, Heating and Air Conditioning, Inc., on August 8, 1995, waived in writing the 120 day period for the rendering of a decision by an attorney trial referee as provided in Practice Book § 430A. The defendant did not respond to the request for a waiver of the 120 day limit. As was held in Waterman v. United Caribbean, supra,215 Conn. 693, "a late judgment is merely voidable, and not void." If both parties expressly consent to a late judgment, either before the judgment is issued, or immediately thereafter, the judgment is valid and binding upon both parties. Express consent is not required, and the judgment will be valid unless the parties "object seasonably," otherwise "consent may be implied." Id., 692.
In the present case, the plaintiff first waived any objection to the late filing and the defendant neither consented nor objected. Thus, if the report had been sent to counsel, and if the defendant did not "seasonably" object thereafter, his consent to the late filing could be implied. However, just as in Watermanv. United Caribbean, supra, where the defendant explicitly refused to waive the 120 day limit before the decision was issued, the plaintiff in this case effectively revoked its original waiver of August 8, 1995, by its motion of February 29, 1996. Thus, by its "conduct" in this present case, "they made the judgment . . . not merely voidable but void. Although a voidable judgment may be cured, a void one may not." Waterman v. UnitedCaribbean. Id., 694. CT Page 4320
Therefore, the plaintiff's motion to revoke the reference is granted, and a new trial is ordered.
So Ordered.
LEWIS, J.