[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO VACATE JUDGMENT AND FOR NEW TRIAL
The plaintiff has moved by her attorney to vacate the judgment of the trial court dated May 22, 1999 and for a new trial, citing section 51-183b of the Connecticut General Statutes and numerous cases decided pursuant to that statute in support of her motion. The question presented by the motion is whether the May 22, 1999 decision of the trial court was ajudgment requiring decision within 120 days as set forth in the statute or a short calendar matter governed by Section 11-19 of the Connecticut Practice Book. That section requires a judge hearing a short calendar matter to render a decision within 120 days, but provides that if the decision is not rendered within that time period a party seeking to enforce the provisions of the rule must within fourteen days after the passage of the 120th day file a motion for reassignment. The rule states: "The failure of a party to file a motion for reassignment shall be deemed a waiver by that party of the 120 day time." Connecticut Practice Book, Section 11-19 (b).
The marriage of the parties was dissolved by this court (Barall, J.) on April 11, 1997. Thereafter, the matter was heard on financial orders incident to the divorce before the court (Hon. Ann Dranginis) and was completed on October 7, 1998. The CT Page 11444 plaintiff, by her counsel, filed a motion on May 26, 1999 to vacate the judgment and for a new trial, asserting that Judge Dranginis did not file a decision in the matter within 120 days as required by Connecticut General Statutes, Section 51-183b. The plaintiffs attorney did not move for a new trial or for reassignment pursuant to Rule 11-19 of the Practice Book at any time between the expiration of the 120 days on February 4, 1999 and the court's rendering of its judgment on May 22, 1999. The decision of Judge Dranginis was unfavorable to the plaintiff.
Section 51-83b of the General Statutes requires that a judge render judgment not later than 120 days from the completion of the trial, and also provides that the parties may waive that requirement. Connecticut General Statutes, Section 51-1 83b. "A delay in decision beyond that authorized by statute makes the decision voidable and, absent waiver, requires a new trial."Frank v. Streeter, 192 Conn. 601, 603 (1984). "Even after the expiration of the time period within which a judge has the power to render a valid, binding judgment, a court continues to have jurisdiction over the parties unless and until they object." It is for this reason that a late judgment is merely voidable, and not void." Waterman v. United Caribbean, Inc., 215 Conn. 688,692-3 (1990).
The matter before Judge Dranginis was a post-judgment matter, and the rule of the Practice Book applies. Accordingly, having failed to file the appropriate motion within the time allowed, the plaintiff is deemed to have waived the right to object to a decision rendered beyond 120 days.
The motion is denied.
BY THE COURT, GRUENDEL, J. CT Page 11445 — 11446
[EDITORS' NOTE: The case contained on this page is now located on Pages 11440 — 11443.] CT Page 11447