[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFFS' MOTION TO OPEN AND MODIFY JUDGMENT
On February 3, 1993, a jury rendered verdicts in favor of the plaintiff Nancy McCullough, in the amount of $135,000.00, and in favor of the two administrators representing the Estate of Gordon McCullough, in the amount of $2,415,500.00.
On February 5, 1993, the defendant moved to "set aside the verdict rendered to the plaintiffs," and stated in that motion that "[t]he reasons supporting this motion will be more fully set forth in an accompanying brief." Defendant's Motion to Set Aside the Verdict and for Judgment N.O.V., February 5, 1993. Neither that motion, nor the brief filed in its support referred to the verdict of Nancy McCullough. In addition, it was this court, sua sponte, which raised a question about the verdict in favor of Nancy McCullough at the argument on March 8, 1993.
The court denied the Motion to Set Aside, ordered a remittitur of $105,000.00 from the jury's award to Nancy McCullough, which she declined. On May 6, 1993, the court entered "Judgment in the amount of $2,415,500, and "Judgment for Plaintiff Nancy McCullough" in the amount of $30,000.00
Upon this court's entry of judgment in the "remitted" amount, Nancy McCullough moved for the modification of that judgment upon the ground that in the absence of a motion to set aside the verdict by the defendant the court must enter judgment in accordance with the jury's findings.
Plaintiff Nancy McCullough has very succinctly pointed out that in order for the court to "set aside a verdict solely on the ground that the damages are excessive" a written motion by a party must have been made. Conn. Gen. Stats. 52-228b. Such motion must be filed within five days after the day the verdict is accepted. P.B. 320.[1] In addition, such a motion must "state the specific grounds upon CT Page 6633 which counsel relied. id.
Not only is a motion required but "unless the motion is granted, judgment will be rendered on the verdict as a matter of course." Gordon v. Feldman, 164 Conn. 554, 557.
The court might find because of the ambiguity of defendants' language seeking "to set aside the verdict rendered to the plaintiffs" that defendants were thinking of the two verdicts rendered as one overall verdict in favor of plaintiffs; that the expression "the verdict" was a typographical error, leaving off the s, when "the verdicts" was intended; or that only the single verdict in favor of the co-administrators of the Estate was meant.
That Nancy McCullough's verdict is purely derivative is acknowledged and thus defendants may argue that they need appeal only as to the Estate and on winning destroy Nancy McCullough's verdict as well. The problem with that reasoning is that with the motion to set aside "Gordon's" verdict they make a very strong attack on the size of that verdict. They make no such attack on Nancy McCullough's verdict. Winning or losing on appeal in regard to the size of Gordon's verdict would have no effect on the size of Nancy McCullough's verdict.
The court concludes from the motions, the briefs and the arguments of counsel that defendants never moved or meant to move to set aside Nancy's verdict as excessive. It was wrong for the court to act without such a motion. Thus, the judgment is set aside as to Nancy McCullough and judgment is rendered for her in the full amount of the jury's verdict of $135,000.00.
The judgment on the verdict as to the Estate is for $531,000.00 in economic damages plus $4,300,000.00 in noneconomic damages divided by 2 for a net of $2,415,500.00
In addition, the Estate is entitled to prejudgment interest at 12% per annum of $674,222.00.
The court also awards attorney's fees to the Estate of $350.00 in accordance with Conn. Gen. Stats. 52-192a(b).
Costs are awarded to the plaintiffs.
N. O'Neill, J.