## STATE OF CONNECTICUT *v.* ANTHONY ODEN
## (15419)

O'Connell, Foti and Hennessy, Js.

Argued September 16—officially released November 5, 1996

*Frank P. Cannatelli,* for the appellant (defendant).

*Denise B. Smoker,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Roger S. Dobris,* assistant state's attorney, for the appellee (state).

HENNESSY, J. The defendant, Anthony Oden, appeals from the judgment of conviction, rendered after a jury trial, of assault of a peace officer in violation of General Statutes § 53a-167c (a) (1). On appeal, the defendant claims that the trial court improperly (1) denied his motion to view the premises where the assault took place, (2) denied the jury's request to view the premises after jury deliberation had commenced, (3) asked the jury to narrow its request for the transcript of a witness' full testimony, and (4) allowed the prosecutor to demonstrate a karate kick during final argument. We affirm the judgment of the trial court.

The jury could have reasonably found the following facts. On May 9, 1994, two New Haven police officers, Karen Hale and Sydney Collier, were patrolling the Newhallville section of the city. Around 9:30 p.m., they received a citizen's complaint that "people were either using or selling drugs" in an abandoned house at 577-579 Winchester Avenue. The officers went to the address to investigate. Although there were no lights in the house, the officers could see clearly because the light from the moon and the street lamps was shining through the broken windows. In addition, the officers were using their flashlights.

During the search of the abandoned house, Hale, from an upstairs window, spotted the defendant walking down the street and into an alley next to the house. From a downstairs window, Collier also observed the defendant. Both officers recognized the defendant from previous encounters. The defendant came into the house and started up the stairs. Hale heard the footsteps and started down the stairs. When she saw the defendant, Hale yelled, "Police! Police!" After Hale observed the defendant reaching into his waistband, she drew her revolver. The defendant then "kicked [Hale] in the chest with a side motion of his foot," and Hale fell backward down five or six stairs. The defendant fled from the premises but later turned himself in to the police after an arrest warrant was issued.

The defendant was arrested and charged with assault of a peace officer. At trial, the defendant claimed the defense of alibi and testified that at the time of the incident, he was at home with his mother and Yule Mitchell. The defendant's mother and Mitchell testified in support of the defendant's alibi. The jury returned a guilty verdict. This appeal followed.

I

The defendant first asserts that the trial court improperly denied his motion to allow the jury to view the

location of the assault. In support of his motion, the defendant claimed the jury view was important to his alibi defense in order to refute the officers' testimony that the house was well lit.

" 'Pursuant to Practice Book § 844,[1] a trial court may permit a viewing of the scene of the crime if it is of the opinion that a viewing would be helpful to the jury in determining some material factual issue in the case.' " *State* v. *Cintron*, 39 Conn. App. 110, 116, 665 A.2d 95 (1995), quoting *State* v. *Flynn*, 14 Conn. App. 10, 28, 539 A.2d 1005, cert. denied, 488 U.S. 891, 109 S. Ct. 226, 102 L. Ed. 2d 217 (1988). The determination as to whether to permit the jury to view the scene of a crime is within the sound discretion of the trial court. *State* v. *Cintron*, supra, 116. "Thus, unless the action of the trial court in denying the motion constitutes an abuse of discretion, the decision of the trial court must stand." Id.

In deciding a motion to view the scene, " '[t]he court should consider whether viewing the scene is necessary or important so that the jury may clearly understand the issues and properly apply the evidence.' " Id., quoting *State* v. *Cato*, 21 Conn. App. 403, 410, 574 A.2d 240, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990). "Although discretionary, the power to authorize a view of the scene should be invoked only after the court is satisfied that the present conditions at the site are the same as those that existed on the date of the underlying incident, and that such a personal inspection is fair to both parties and reasonably necessary to do justice." (Internal quotation marks omitted.) *State* v. *Cintron*, supra, 39 Conn. App. 116.

---

[1] Practice Book § 844 provides in pertinent part: "When the judicial authority is of the opinion that a viewing by the jury of the place where the offense being tried was committed, or of any other place or thing involved in the case, will be helpful to the jury in determining any material factual issue, it may in its discretion, at any time before the closing arguments, order that the jury be conducted to such place . . . ."

In this case, the defendant conceded that the lighting conditions at the time of the view would be different from those that existed on the night of the crime. Furthermore, the defendant made no attempt to show that these admitted differences were minor or that the conditions were sufficiently similar. Thus, the trial court found that there was nothing in the record to indicate that the present lighting conditions were the same as those that existed on the night of the crime. The defendant, as the moving party, had the burden of making a preliminary showing that the conditions were sufficiently similar to the conditions on the day of the occurrence as to make a view meaningful in the resolution of the issues in dispute. *Giannitti* v. *Stamford*, 25 Conn. App. 67, 72, 593 A.2d 140, cert. denied, 220 Conn. 918, 597 A.2d 333 (1991); C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 9.3.2, p. 276. Here, the defendant failed to make such a showing.

Moreover, the trial court found that the view was not necessary because the lighting conditions were fully described in Hale's and Collier's uncontroverted and unambiguous testimony. The jury was presented with evidence that the light from the moon and the street lamps shone brightly through the broken windows of the abandoned house. Both officers testified that they had used flashlights and had a clear view of the defendant, whom they recognized from previous encounters. In addition, the defendant also had an adequate opportunity to cross-examine Hale and Collier. The jury, therefore, had sufficient evidence to allow it to assess the scene of the crime. A firsthand view of the scene would have been cumulative and was neither necessary nor important to understand the issues or the evidence. See *State* v. *Cintron*, supra, 39 Conn. App. 117. We conclude that the trial court did not abuse its discretion in denying the defendant's motion for a jury view of the scene of the assault.

## II

The defendant's next two claims are based on two of three requests made to the trial court by the jury during its deliberation. The defendant first claims that the trial court improperly denied the jury's request to view the crime scene after deliberation had commenced. He argues that the discretionary standard set out in Practice Book § 844 is not applicable to this situation because here, the jury, rather than one of the parties, made the request to view. He further argues that the trial court should have placed the burden of persuasion of the necessity of the view on the state and, that by placing the burden on the defendant, the court violated the defendant's right to a fair trial and due process. In the defendant's second claim based on the jury requests, the defendant maintains that the trial court improperly asked the jury to limit its request for the transcript of Hale's entire testimony. We decline to review these claims as they were not properly preserved at trial and do not merit review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).

The following facts are necessary to the resolution of these issues. After jury deliberation had commenced, the jury sent a note to the trial court requesting the transcript of Hale's entire testimony and parts of the defendant's testimony. The court informed the parties of the jury's request. The court also told the parties that it was going to ask the jury to narrow its request regarding Hale's testimony because the testimony was available only through a tape recording, and the entire testimony was about two hours long. The defendant did not file an objection to the court's action.

Later, the jury sent another note requesting to view the crime scene at approximately 9:30 p.m. Again, the court informed the parties of the jury's request. At that

time, the defendant asked the court for permission to "redo" his motion for a jury view "if I find sufficient research that supports me." The trial court allowed the defendant to conduct his research but indicated that it was inclined to deny the request for the same reasons it denied the defendant's motion to view. Pending the renewal of the defendant's motion to view, the court informed the jury that its request to view was denied. The defendant failed to object to the trial court's denial of the jury's request and did not renew his motion for a jury view. Moreover, at trial, the defendant did not raise the issue of the inapplicability of Practice Book § 844 or the constitutional claims that he now asserts on appeal.

We will not review a claim that is not distinctly raised at trial. Practice Book § 4061; *State* v. *Teel*, 42 Conn. App. 500, 504, 682 A.2d 1012 (1996); *State* v. *Rogers*, 38 Conn. App. 777, 787, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995). "We have not yet reached a jurisprudential stage where we require trial judges to be mentally telepathic. Thus, we have consistently declined to review claims based on a ground different from that raised in the trial court . . . or where the claim has not been raised before the trial court in the first instance." (Citation omitted; internal quotation marks omitted.) *State* v. *Beliveau*, 36 Conn. App. 228, 242, 650 A.2d 591 (1994), aff'd, 237 Conn. 576, 678 A.2d 924 (1996); see also *State* v. *Harrison*, 34 Conn. App. 473, 482–83, 642 A.2d 36, cert. denied, 231 Conn. 907, 648 A.2d 157 (1994); *State* v. *Ulen*, 31 Conn. App. 20, 29, 623 A.2d 70, cert. denied, 226 Conn. 905, 625 A.2d 1378 (1993). Furthermore, the defendant has not requested that we review his claims under *State* v. *Golding*, supra, 213 Conn. 233.[2] "In the absence of such

[2] Under *State* v. *Golding*, supra, 213 Conn. 239–40, the defendant can prevail on an unpreserved claim of constitutional error "only if all of the following conditions are met: (1) the record is adequate to review the alleged

a request, we have, in the past, declined to review a defendant's claim under similar circumstances."(Internal quotation marks omitted.) *State* v. *Teel,* supra, 504, quoting *State* v. *Rogers,* supra, 787.[3] We decline, therefore, to review the defendant's claims.[4]

## III

In the defendant's final claim, he contends that the trial court improperly allowed the prosecutor to demonstrate a karate kick during closing argument. The defendant argues that this alleged conduct was prejudicial and warranted a cautionary instruction by the trial judge. The defendant, however, did not request such an instruction or otherwise object at trial.

Moreover, the record is inadequate to review this claim. A defendant can prevail on an unpreserved claim of error only if the record is adequate for appellate review. It is the responsibility of the appellant to provide an adequate record for review. Practice Book § 4061; *State* v. *Arisco,* 39 Conn. App. 11, 15, 663 A.2d 442 (1995). The defendant has failed to provide any record

claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt."

[3] Even if we were to consider the reviewability of these claims under *Golding,* it would fail to satisfy the second prong. See footnote 2. It is well established that "[r]obing garden variety claims [of an evidentiary nature] in the majestic garb of constitutional claims does not make such claims constitutional in nature." (Internal quotation marks omitted.) *State* v. *Reddick,* 33 Conn. App. 311, 331–32, 635 A.2d 848 (1993), cert. denied, 228 Conn. 924, 638 A.2d 38 (1994). The defendant's claims are not of constitutional magnitude and are thus not entitled to *Golding* review.

[4] The defendant also claims that the denial of his motion to view infringed on his constitutional rights. The defendant did not raise this claim at trial and does not seek *Golding* review on appeal. For the same reasons outlined in part II, that claim is not entitled to review.

of his unpreserved claim, thus, this claim is unreviewable.

The judgment is affirmed.

In this opinion the other judges concurred.