## CLIFFORD M. WHEELER *v.* BRIAN M. FOSTER ET AL. (14422)

O'Connell, Landau and Daly, Js.

Argued November 5, 1996—officially released February 25, 1997

*Brian McCormick*, with whom, on the brief, was *Michael D. Ryback*, for the appellant (plaintiff).

*Robert L. Fisher, Jr.*, for the appellee (named defendant).

LANDAU, J. The plaintiff, Clifford M. Wheeler, appeals from the judgment rendered after a trial to the court finding record title to a parcel of real property in the defendant Brian M. Foster.[1] On appeal, the plaintiff claims that the trial court improperly (1) found that the defendant possessed record title to the disputed parcel of real property, (2) rendered a conflicting judgment, and (3) failed to dispose of all the issues of record title. We affirm the judgment of the trial court.[2]

The trial court could reasonably have found the following facts. In 1938, Golda Rylander Balch (Golda) acquired approximately sixty-seven acres of land in Morris. Prior to her death on August 24, 1980, Golda made five separate conveyances, four of which are relevant to this appeal. The four conveyances are summarized as follows. In 1938, she conveyed approximately twenty-six acres by warranty deed to Charles E. Balch and Pauline K. Balch (Charles and Pauline). At trial, the parties referred to this deed as the "divisional deed," and we will do the same. In 1961, Golda conveyed 4.1 acres by warranty deed to Carl L. Gartner and Betty S. Gartner, which the plaintiff acquired in 1968. In 1964, she conveyed 1.5 acres by warranty deed to James F. Butler and Nellie F. Butler, which the plaintiff acquired in 1986. The final relevant conveyance by Golda was of approximately twenty-six acres by quit claim deed to the city of Waterbury in 1968.

The parties agree that the central deed in this case is the 1938 conveyance from Golda to Charles and Pauline. The plaintiff's claim of ownership to the disputed parcel

[1] Frank Balch, Jr., Gay Jackson and Merrilee Chamberlain were named as defendants, but are not parties to this appeal. We refer in this opinion to Brian M. Foster as the defendant.

[2] In his complaint, the plaintiff alleged that he owned record title to a parcel of land or, in the alternative, that he acquired title to the parcel of land by adverse possession. The plaintiff does not challenge the trial court's judgment in favor of the defendant on his adverse possession claim.

by record title is predicated on his claim that Golda still owned a portion of the original sixty-seven acre parcel at the time of her death. He contends that the area in dispute was not included in any conveyance by Golda and that he acquired record title by quit claim deeds from Golda's heirs in 1993.[3] The defendant contends that the disputed parcel of land was contained within the property conveyed by Golda to Charles and Pauline, and subsequently conveyed to the defendant's predecessor in title, Sylvia M. Foster.[4]

## I

In his first claim, the plaintiff contends that the trial court improperly found that the defendant possessed record title. The plaintiff argues that the trial court's interpretation of the "divisional deed" and its finding of record title in the defendant were clearly erroneous. We disagree.

As a threshold matter, the parties disagree as to the scope of our review. The plaintiff cites *Kelly* v. *Ivler*,

---

[3] Golda Balch died intestate on August 24, 1980.

[4] Because the jurisdiction of the appellate courts is restricted to appeals from final judgments, we must review whether the appeal is properly before us. General Statutes § 52-263; Practice Book § 4000. "'The finality requirement underlying our appellate review represents a clear and firm policy against piecemeal appeals." *State* v. *Powell*, 186 Conn. 547, 551, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut*, 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982). We have no authority to address the merits of the plaintiff's appeal unless it is properly before this court. *Connecticut Bank & Trust Co., N.A.* v. *Reckert*, 33 Conn. App. 702, 711, 638 A.2d 44 (1994).

In the present case, the trial court rendered judgment for the defendant on the plaintiff's complaint and for the plaintiff on the defendant's counterclaim. The trial court ruled on all the causes of action in the plaintiff's complaint. In his counterclaim, the defendant averred that he possessed record title, that the plaintiff trespassed on his land and that as a result of this dispute he was unable to sell his property. While the trial court failed to address all of the claims in the counterclaim, Practice Book § 4002A provides in relevant part that "[w]hen judgment has been rendered on an entire complaint . . . such judgment shall constitute a final judgment." Thus, the plaintiff's appeal is properly before us.

187 Conn. 31, 39, 450 A.2d 817 (1982), for the proposition that the interpretation of the language in a deed presents a question of law on which our scope of review is plenary. Conversely, the defendant argues that because the trial court considered, in addition to the 1938 deed, all the documentary evidence and the conflicting testimony of the parties' experts, issues of fact were determined and the appropriate scope of review is whether the findings of fact were clearly erroneous. "[W]here the testimony of witnesses as to the location of the land described in deeds is in conflict, it becomes a question of fact for the determination of the court which may rely on the opinions of experts to resolve the problem and it is the court's duty to accept that testimony or evidence which appears more credible." *Feuer* v. *Henderson*, 181 Conn. 454, 458, 435 A.2d 1011 (1980); *Ball* v. *Branford*, 142 Conn. 13, 17, 110 A.2d 459 (1954). Thus, we conclude that the appropriate scope of review is whether the trial court's findings were clearly erroneous.

"[W]e will upset a factual determination of the trial court only if it is clearly erroneous. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . *Crowell* v. *Danforth*, 222 Conn. 150, 156, 609 A.2d 654 (1992); see also *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 220, 435 A.2d 24 (1980)." (Internal quotation marks omitted.) *Groton* v. *Yankee Gas Services Co.*, 224 Conn. 675, 691, 620 A.2d 771 (1993).

The issue on appeal concerns the trial court's role as fact finder. The trial court thoroughly examined the various deeds and maps and considered the conflicting expert testimony. The parties' experts testified at length as to the meaning and interpretation of the "divisional deed" along with the location of certain points and the calculation of distances. A thorough review of the record does not support the conclusion that the trial court's findings of fact were clearly erroneous and did not leave us with a definite and firm conviction that a mistake had been committed. The thrust of the plaintiff's argument is no more than an assertion that the trial court should have credited the plaintiff's evidence and found in his favor. Moreover, in cases such as this, in which there is conflicting testimony, a great degree of deference to the trial court's factual findings is appropriate. See *United Components, Inc.* v. *Wdowiak*, 239 Conn. 259, 262–63, 684 A.2d 693 (1996). We conclude, therefore, that the trial court's factual findings were not clearly erroneous.[5]

## II

The plaintiff next claims that the trial court improperly rendered a conflicting judgment on the issue of record title in its memorandum of decision.[6] The plain-

[5] The plaintiff also claims that the trial court improperly considered and relied on noncontemporaneous evidence in making its findings of record title. The plaintiff, however, did not object to the admission of the noncontemporaneous deeds and maps considered by both parties' experts at trial. Therefore, we decline to review this unpreserved claim. See Practice Book § 4061; *State* v. *Oden*, 43 Conn. App. 480, 487, 684 A.2d 1195 (1996). The plaintiff further claims that the trial court improperly failed to articulate that its site visit was not a significant factor in its findings of record title. In its memorandum of decision, the trial court clearly set forth the evidence on which it relied in making its factual findings of record title. Because the determination of whether the trial court relied on the site visit is of no consequence to this appeal, the plaintiff's claim has no merit.

[6] The plaintiff moved the trial court for an articulation and rectification of this alleged conflict, but the motion was denied by the trial court. This court granted the plaintiff's motion for review of the trial court's refusal to articulate and rectify, but denied the relief requested on this issue.

tiff, relying on *Marrin* v. *Spearow*, 35 Conn. App. 398, 403, 646 A.2d 254 (1994), argues that because the trial court has rendered a judgment containing inconsistencies it cannot be sustained. The defendant contends that the trial court's judgment is consistent.

In its memorandum of decision, the trial court found for the defendant on the complaint and for the plaintiff on the counterclaim. The plaintiff argues, therefore, that the trial court found record title in both parties. The plaintiff concedes, however, that an entire reading of the memorandum of decision would lead one to conclude that the trial court found in favor of the defendant on the issue of record title.

It is clear that the trial court found in favor of the defendant on the complaint, but the trial court's rulings on the counterclaim are not as clear. In his counterclaim, the defendant averred that he possessed record title, that the plaintiff trespassed on his land and that as a result of this dispute he was unable to sell his property. A careful reading of the memorandum of decision reveals that the trial court expressly ruled in favor of the plaintiff on the defendant's counterclaim seeking damages for the lost sale of his property. The defendant's first counterclaim, alleging record title, is a "mirror image" of the complaint and, thus, is deemed decided for purposes of appeal. See *Martin* v. *Martin's News Service, Inc.*, 9 Conn. App. 304, 306 n.2, 518 A.2d 951 (1986), cert. denied, 202 Conn. 807, 520 A.2d 1287 (1987). While it is true that the defendant's trespass cause of action was not addressed, it is not necessary for the resolution of this appeal where there is a judgment on an entire complaint. Practice Book § 4002A. We conclude, therefore, that the trial court's memorandum of decision is consistent.

### III

The plaintiff's final claim is that the trial court improperly failed to address the issue of record title as to all

the property claimed by the parties in their pleadings. The plaintiff claims ownership to a small triangular piece of land northeast of the disputed parcel. The defendant's response is twofold. First, the defendant contends, and the plaintiff concedes, that the defendant claimed ownership to only the 1.2 acre lot in dispute and not the remaining 0.17 acre to which the plaintiff also claimed ownership. Second, the defendant contends that because the trial court found his expert more credible and found that Golda had conveyed all of her property in the five deeds, no triangular piece of land exists.

At trial, the defendant's expert, Bradford E. Smith, a licensed land surveyor, testified that he interpreted the five conveyances to be contiguous parcels of land and, as a result, no triangular piece of land exists. The trial court found the defendant's expert to be more credible and concluded that Golda's intent was not to exclude the triangular piece of land from the deeds. Our review of the trial court's memorandum of decision and its revised rectification and articulation leads us to conclude that the trial court disposed of all the issues of record title to all the property claimed by the parties in their pleadings.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] Our holding on this issue is limited to the factual issues in dispute between these parties as framed by the pleadings in this case.