INVERSIONES LITUANES, S.A. *v.* E.P. COMPANY
(AC 18662)

INAMCO (CAMIN STOCK COMPANY), S.A.
*v.* E.P. COMPANY
(AC 18665)

O'Connell, C. J., and Landau and Spear, Js.[1]

Argued January 24—officially released April 18, 2000

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Howard C. Eckenrode*, for the appellants (plaintiffs).

*David J. Scully*, for the appellee (defendant).

*Opinion*

PER CURIAM. These consolidated appeals are taken by the plaintiffs, Inversiones Lituanes, S.A., and Inamco (Camin Stock Company), S.A., from judgments rendered in favor of the defendant, E.P. Company, following a consolidated trial to the court. The plaintiffs claim that the court improperly concluded that (1) a third set of promissory notes replaced and canceled two sets of prior promissory notes that were the basis of the plaintiffs' causes of action and (2) determined that the third set of promissory notes constituted a novation. We affirm the judgments of the trial court.

The bases of the plaintiffs' appeals are predicated on fact bound issues, including the credibility of witnesses.[2] The standard of review this court applies to factual issues is the clearly erroneous standard. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). "[W]e will upset a factual determination of the trial court only if it is clearly erroneous. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.)

---

[2] The court found, among other things, that there was no consideration for either of the first two sets of promissory notes.

*Wheeler* v. *Foster*, 44 Conn. App. 331, 334, 689 A.2d 523 (1997). After reading the briefs, hearing the arguments of the parties and reviewing the record, we cannot conclude that the court's findings of fact were clearly erroneous.

The judgments are affirmed.