MARILYN S. MATTHEWS *v.* NAGY BROTHERS
CONSTRUCTION COMPANY, INC.
(AC 24560)

Lavery, C. J., and McLachlan and Hennessy, Js.

---

Argued January 5—officially released May 10, 2005

*Paul E. Pollock*, for the appellant (plaintiff).

*Kevin J. Gumpper*, with whom was *Dirk D. Bender*, for the appellee (defendant).

*Opinion*

LAVERY, C. J. This appeal involves a boundary dispute between two landowners. The plaintiff, Marilyn S. Matthews, appeals from the judgment of the trial court, rendered after a trial to the court, in this action to quiet

title to certain real property located on Bryan Lane in Newtown. The court quieted title to the disputed area in the defendant, Nagy Brothers Construction Company, Inc. On appeal, the plaintiff claims that (1) the judgment was void because she had revoked her waiver of the 120 day time limit set forth in General Statutes § 51-183b and had filed a motion for a mistrial before the judgment was rendered and (2) the judgment was not supported by the evidence. We disagree and affirm the judgment of the trial court.

The plaintiff brought this action to quiet title, claiming title to approximately seven and one-half acres of undeveloped, wooded land. The defendant filed an answer, three special defenses and a counterclaim.[1] The case was tried to the court on August 2, August 6 and October 22, 2001. Pursuant to § 51-183b, both parties unconditionally waived the 120 day time limit for the rendering of a decision. The parties sent a letter dated August 9, 2002, to the court regarding the fact that a decision had not been rendered. In November, 2002, the parties sent a letter to the administrative judge for the judicial district of Danbury, asking him if the parties could do anything to bring the case to judgment. On January 23, 2003, the plaintiff filed a "Revocation of Waiver" and a motion for a mistrial. The defendant filed an objection to the motion. Neither the motion nor the objection was ruled on. The plaintiff sent another letter to the administrative judge, dated July 25, 2003, in which she discussed the situation and asked for a resolution of the case. On August 12, 2003, the court issued its memorandum of decision. The court ruled in favor of the defendant on the complaint and on the counterclaim

---

[1] The first special defense and the first count of the counterclaim allege that the defendant holds record title to the disputed land. The second special defense and the second count of the counterclaim allege that the defendant had acquired title to the disputed land by adverse possession. The third special defense alleges that the plaintiff's predecessor in title had been ousted of possession of the disputed land.

and quieted title to the disputed land in the defendant. This appeal followed.

## I

The plaintiff first claims that the judgment is void because she had revoked her waiver of the 120 day time limit of § 51-183b and had filed a motion for a mistrial before the court rendered judgment. Section 51-183b provides: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and *shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section.*" (Emphasis added.) Waiver of this statute may be made by express consent or consent may be implied. See *Gordon* v. *Feldman*, 164 Conn. 554, 556–57, 325 A.2d 247 (1973). In this case, both parties expressly and unconditionally waived the time limitation. On January 23, 2003, the plaintiff attempted to revoke her waiver and filed a motion for a mistrial. The plaintiff maintains that her revocation of the waiver deprived the court of subject matter jurisdiction over the action.

The plaintiff's argument relies on *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 692–94, 577 A.2d 1047 (1990), in which our Supreme Court stated that a party can waive or refuse to waive the 120 day time limit and that a party can revoke a refusal to waive the statutory limit at any time before, but not after, the judgment is rendered. The plaintiff contends that if a party can revoke a refusal to waive her right to obtain a judgment within 120 days from the date of the trial, then a party also must be able to revoke a waiver of the same right. We disagree. A party that refuses to waive the time limit requirement has retained the right

to obtain a judgment within 120 days from the date of the trial, a right that she can later relinquish through a waiver. In this case, the plaintiff's waiver constituted a relinquishment of the right to a timely judgment, and as a general rule, once a right is waived, it cannot be regained.

"It is generally recognized that, if a person in possession of any right waives that right, he will be precluded thereafter from asserting it or from claiming anything by reason of it. That is, *once a right is waived it is gone forever*, and it cannot be reclaimed or recaptured, and the waiver cannot be retracted, recalled, or expunged, even in the absence of any consideration therefore or of any change of position by the party in whose favor the waiver operates." (Emphasis added.) 92 C.J.S. 1069, Waiver (1955); see also *First Hartford Realty Corp.* v. *Plan & Zoning Commission*, 165 Conn. 533, 540, 338 A.2d 490 (1973) ("[o]nce a known right is waived, the waiver cannot be withdrawn even if subsequent events prove the right waived to have been more valuable than had been anticipated" [internal quotation marks omitted]).

This rule is similarly expressed in 28 Am. Jur. 2d, Estoppel and Waiver § 156 (1966), which states in relevant part: "One who intentionally relinquishes a known right cannot, without consent of his adversary, reclaim it, for *it is well settled that a waiver once made is irrevocable*, even in the absence of consideration, or of any change in position of the party in whose favor the waiver operates. . . . *It is held that once a waiver of the provisions of a statute is made in a pending case, it is waived for the purposes of all further proceedings in the same action.*" (Emphasis added.) See also *Hendsey* v. *Southern New England Telephone Co.*, 128 Conn. 132, 135, 20 A.2d 722 (1941) ("Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding.

This presupposes that the person to be affected has knowledge of his rights, but does not wish to assert them." [Internal quotation marks omitted.]). Therefore, as a general rule, a waiver cannot be revoked, except when all parties agree that it should be. Here, the parties had waived their right to a judgment within a specified time frame, and the defendant objected to the plaintiff's revocation of that waiver. Thus, the waiver remained in effect, and the court retained subject matter jurisdiction over the action.

The plaintiff contends that this rule frustrates the public policy behind § 51-183b. "The statute was designed to ensure that, in a case tried to the court, the judge consider and decide the controversy expeditiously and within a reasonably brief period after trial. . . . The salutary effect of the statute is to compel diligence and a prompt decision on the part of the judge who tried the case, and to avoid the manifest disadvantages attendant on long delay in rendering judgment. . . . Thus the statute . . . attempts to balance judicial expediency with fairness to the parties and to reduce delays over which counsel have little, if any, control." (Citations omitted.) *Gordon* v. *Feldman*, supra, 164 Conn. 556–57. Although the plaintiff may be correct that the unfettered amount of time that a waiver gives to a court in which to render judgment can be abused and, therefore, can frustrate the public policy underlying § 51-183b, revising the statute must be done by the legislature, not by this court. See *State* v. *Hanson*, 210 Conn. 519, 529, 556 A.2d 1007 (1989) ("It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is the function of the legislature." [Internal quotation marks omitted.]).

We understand that the decision in this case was rendered approximately two years after the date of the trial. Although this is unfortunate, the plaintiff waived the right to receive judgment within the statutorily pre-

scribed time. Additionally, she made a blanket waiver, not a conditional one allowing merely for an extension of a specified amount of time. Section 51-183b was created to discourage long delays in the rendering of judgments, but the legislature also provided that the parties could waive their right to a speedy judgment. We can find no reason to ignore the rule that "rights once waived cannot be regained by revoking the waiver." *Frager* v. *Pennsylvania General Ins. Co.*, 161 Conn. 472, 488, 289 A.2d 896 (1971). We conclude therefore that the plaintiff's attempted revocation of her waiver of the 120 day time limit and her filing of a motion for a mistrial did not void the judgment.

## II

The defendant also claims that the court's conclusion as to the location of the boundary line was not supported by the evidence.[2] We disagree.

"[W]here the testimony of witnesses as to the location of the land described in deeds is in conflict, it becomes a question of fact for the determination of the court which may rely on the opinions of experts to resolve the problem and it is the court's duty to accept that testimony or evidence which appears more credible. . . . Thus, we conclude that the appropriate scope of review is whether the trial court's findings were clearly erroneous.

"[W]e will upset a factual determination of the trial court only if it is clearly erroneous. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the plead-

---

[2] The plaintiff also claims that the court's conclusions as to ouster and adverse possession were not supported by the evidence. Because we conclude that there was sufficient evidence for the court's conclusion that the defendant had record title to the disputed property, we do not need to review these claims. Adverse possession and ouster cannot be asserted by a party who has record title to the land in question.

ings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Wheeler* v. *Foster*, 44 Conn. App. 331, 334, 689 A.2d 523 (1997).

There was conflicting evidence concerning the location of the disputed boundary line in this case. The court "found the witnesses for the defendant more credible based on their knowledge, specificity of recall, manner of testifying and the reasonableness of their testimony in light of other corroboratory evidence." The court also found that the plaintiff had not sustained her burden of proof that she had title to the disputed land as alleged in her complaint because she had not produced any reliable evidence sufficient to locate the boundary. Her expert had not conducted a survey of the land and would not certify the location of the boundary. The maps on which the expert relied were unsigned and uncertified, and the location suggested was not consistent with the physical features of the property. Additionally, the court made the following findings: "The defendant has produced two maps, both of which are prepared by land surveyors, signed and sealed. One [map] has been recorded on the land records, and both [maps] locate the boundary line in the position claimed by the defendant. The defendant has also produced an expert who actually surveyed its property and testified to the certainty of the location of the boundary line." The court therefore rendered judgment in favor of the defendant, quieting title to the disputed area in the defendant.

The plaintiff's claim can be reduced to an argument that the court improperly believed the wrong witnesses. "[I]t is not the function of this court to retry the case. Nor is it our role to pick and choose among the witnesses which the trier is at liberty to believe. Ultimately it is for the trier to accept or reject all or part of any expert's opinion . . . and where the opinions of experts differ, to accept that opinion which appears more credible." (Citation omitted.) *Rompe* v. *King*, 185 Conn. 426, 435–36, 441 A.2d 114 (1981). After examining the record in this case, we conclude that the court's determination of the location of the boundary line was not clearly erroneous. Thus, the court properly concluded that the defendant had record title to the disputed land.

The judgment is affirmed.

In this opinion the other judges concurred.