GABRIELLA GUMPERT *v.* ORE-IDA FOODS, INC., ET AL.
(13859)

Dupont, C. J., and O'Connell and Spear, Js.

Submitted on briefs September 8—decision released October 31, 1995

*Giovanna Tiberii Weller* filed a brief for the appellants (defendant Weight Watchers Food Company, Inc., et al.).

*Alec A. Rimer* filed a brief for the appellee (plaintiff).

DUPONT, C. J. The defendant Weight Watchers Food Company, Inc., and the defendant Stop & Shop Holdings, Inc., are appealing from the judgment rendered by the trial court pursuant to the court's acceptance of the report of an attorney trial referee. The sole issue is whether the trial court improperly accepted the report of the attorney trial referee and rendered judgment thereon after the defendants had objected to the untimeliness of the report and after the trial court had found the attorney trial referee in violation of Practice Book § 430A.[1] We conclude that on the facts of this case, the trial court had no power to accept a report of an attorney trial referee that did not comply with Practice Book § 430A and, therefore, reverse the judgment rendered and remand to the trial court for a new trial.

Certain facts are relevant to this appeal. On May 27, 1992, the plaintiff filed suit against the defendants, Ore-Ida Foods, Inc. (Ore-Ida), Weight Watchers Food Company, Inc. (Weight Watchers), and Stop & Shop Holdings, Inc. (Stop & Shop), alleging a violation of

---

[1] "[Practice Book] Sec. 430A. Attorney Trial Referees; Time to File Report

"An attorney trial referee to whom a case has been referred shall file a report with the clerk of the court, with sufficient copies for all counsel, within one hundred and twenty days of the completion of the trial before such referee."

Connecticut's product liability statutes, General Statutes § 52-572m et seq. The plaintiff claimed that she had consumed "Weight Watcher's Homestyle Chicken and Noodles" containing glass particles, which caused injuries to her mouth. The plaintiff subsequently withdrew her complaint against Ore-Ida and proceeded to trial against Weight Watchers and Stop & Shop (defendants). The matter was heard before an attorney trial referee.

The trial commenced before the attorney trial referee on March 9, 1993, and concluded on March 16, 1993. Both parties filed posttrial briefs on April 16, 1993.[2] Practice Book § 430A prescribes a 120 day limit for an attorney trial referee to file a report. The attorney trial referee in this case had until August 16, 1993, to file his report with the clerk of the court. In its memorandum of decision filed on June 16, 1994, the trial court found that on the filing deadline of August 16, 1993, the parties agreed to a sixty day extension of the 120 day limit for the filing of the report, and that the filing deadline for the attorney trial referee's report had been extended to October 13, 1993.[3] The attorney trial referee failed to meet the filing deadline of October 13, 1993, and subsequently filed his report with the clerk five months later on March 31, 1994. In his report, the attorney trial

[2] We find April 16, 1993, to be the date of the completion of the trial before the attorney trial referee. Although the testimony before the attorney trial referee concluded on March 16, 1993, the completion of the trial was extended until the filing of posttrial briefs by the parties on April 16, 1993. See *Frank* v. *Streeter*, 192 Conn. 601, 604, 472 A.2d 1281 (1994) ("the completion date" includes filing of posttrial briefs on legal issues that are components of judicial gathering of materials necessary to well reasoned decision).

[3] We need not address the issue of whether the parties may waive or agree to extend the 120 day period under Practice Book § 430A. Unlike General Statutes § 51-183b, Practice Book § 430A contains no explicit waiver provision, but in this case the issue is not before this court because the attorney trial referee filed his report beyond the extended due date.

referee found the facts in favor of the plaintiff, and recommended an award of $3500 in damages.

The defendants filed a timely objection to the report pursuant to Practice Book § 440 et seq.[4] on April 14, 1994. The defendants objected on the ground that the attorney trial referee's failure to file a report within the time limited by Practice Book § 430A deprived the referee of jurisdiction. A hearing on the objection was held before the trial court on April 25, 1994, and the trial court subsequently filed a memorandum of decision overruling the defendant's objection, notwithstanding the court's finding that the "attorney trial referee had violated the one hundred and twenty day rule." On July 11, 1994, the trial court granted the plaintiff's motion for acceptance of the attorney trial referee's report and for judgment, and rendered judgment in favor of the plaintiff.

This appeal is a case of first impression and requires a determination of whether the language of Practice Book § 430A providing that an attorney trial referee "shall file a report with the clerk of the court . . . within one hundred and twenty days of the completion of the trial" is mandatory or permissive and, if mandatory, the sanction for the violation of the rule. If we

---

[4] Practice Book § 440 provides in relevant part: "A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in ruling on evidence or other rulings or that there are other reasons why the report should not be accepted. . . ."

Practice Book § 441 provides: "Objections to the acceptance of a report shall be filed within two weeks after the filing of the report or finding, or if a motion to correct the report or finding has been made, within two weeks from the filing of the decision of the motion."

Practice Book § 440 et seq. contains no specific language regarding a party's objection to the acceptance of the attorney trial referee's report on the ground that the report was filed beyond the 120 day period as set forth in Practice Book § 430A. The catchall provision of Practice Book § 440 pertaining to any "other reasons why the report should not be accepted" is sufficient authority for the defendants' objection.

interpret the word "shall" in § 430A to be mandatory, the next issue is whether a timely objection to an attorney trial referee's failure to comply with § 430A automatically strips the trial court of any power to accept the late report or to render judgment on the late report, and necessitates a new trial. The plaintiff argues that the trial court retains jurisdiction despite the attorney trial referee's failure to meet the 120 day limit. The plaintiff contends that it is within the trial court's discretion to accept or reject an untimely report of an attorney trial referee. We disagree.

Prior to the enactment of § 430A in 1990, this court was faced with the issue of whether the 120 day limit prescribed for judges of the Superior Court by General Statutes § 51-183b,[5] was also applicable to attorney trial referees. *Kupstis* v. *Michaud,* 20 Conn. App. 425, 567 A.2d 1253 (1989), appeal dismissed, 215 Conn. 435, 576 A.2d 152 (1990); *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.,* 7 Conn. App. 136, 508 A.2d 43 (1986).

The rule that this court enunciated in *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.,* supra, 7 Conn. App. 136, was that attorney referees are not bound by the 120 day limit because "[t]he time limitations of General Statutes § 51-183b only apply to judges and 'any trial referee who has the power to render judgments.' We have ruled . . . that attorney trial referees do not have the power to render judgments. Consequently, they are exempt from the 120 day time restraint." Id., 140. The court, however, strongly suggested the establishment of a rule that would bind attorney referees to the 120 day limit. Our Supreme Court

[5] General Statutes § 51-183b provides: "Any judge of the superior court and any state trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

echoed our desire to have a rule enacted that would explicitly hold attorney trial referees to the same 120 day limit to which judges; see General Statutes § 51-183b; fact finders; see Practice Book § 546G; and arbitrators are held; see Practice Book § 546Q; and recognized that "[t]he problem illuminated by this litigation calls for a change in the rules of practice that this court cannot enact." *Kupstis* v. *Michaud*, 215 Conn. 435, 437, 576 A.2d 152 (1990). We conclude that the enactment of Practice Book § 430A in 1990 answers this call for change and clearly binds attorney trial referees to the 120 day limit.

Although the language of Practice Book § 430A is unambiguous, the rule is silent as to any sanction if an attorney trial referee fails to meet the 120 day rule and a party files an objection to the acceptance of the report. In *Sanchez* v. *Prestia*, 29 Conn. App. 157, 612 A.2d 824, cert. denied, 224 Conn. 913, 617 A.2d 167 (1992), we addressed the proper sanction for a violation of the 120 day time limit prescribed in General Statutes § 51-183b, which, like Practice Book § 430A, is silent as to any sanctions. We held, on the basis of the case law interpreting the long history of the statute, that the proper sanction for noncompliance was the revocation of the judgment rendered, with the concomitant necessity for a new trial. *Sanchez* v. *Prestia*, supra, 161–62, citing *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 577 A.2d 1047 (1990). We apply the same reasoning and utilize, by analogy, the same case law in determining the sanction for noncompliance with Practice Book § 430A.

"[T]he defect in a late judgment is that it implicates the trial court's power to continue to exercise jurisdiction over the parties before it." *Waterman* v. *United Caribbean, Inc.*, supra, 215 Conn. 692. Absent waiver of the provisions of the statute, a judgment rendered by a court beyond the time period permitted by § 51-183b, lacks personal jurisdiction over the defendants.

Id., 691. "Even after the expiration of the time period within which a judge has the power to render a valid, binding judgment, a court continues to have jurisdiction over the parties until and unless they object." Id., 692. Here, the defendants neither consented to nor waived the provisions of the rules of practice, but instead objected to the acceptance of the untimely report.

The attorney trial referee's failure to comply with the 120 day limit as set forth in Practice Book § 430A, coupled with the objection by the defendants, requires a new trial.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.