## SANTO FICARA *v.* WILLIAM O'CONNOR
### (AC 15710)

Landau, Freedman and Spallone, Js.

Argued February 21—officially released July 8, 1997

*Peter J. Casey*, for the appellant (defendant).

*Timothy E. Welsh*, for the appellee (intervening plaintiff).

*Opinion*

LANDAU, J. The defendant appeals from the judgment, rendered by the trial court pursuant to the acceptance of a report of an attorney trial referee, awarding the intervening plaintiff town of Manchester reimbursement for workers' compensation benefits paid to the plaintiff, Santo Ficara.[1] On appeal, the defendant claims that the trial court improperly (1) applied numerous provisions of the Connecticut Insurance Guaranty Association Act[2] and (2) accepted the attorney trial referee's report filed after the 120 days provided for in Practice Book § 430A had expired. We reverse the judgment of the trial court.

The following facts are necessary for the resolution of this appeal. Ficara, a town of Manchester police officer, commenced this negligence action against William O'Connor.[3] The town intervened as a plaintiff in the action to recover workers' compensation benefits paid to Ficara. On February 19, 1993, the trial court referred the case to an attorney trial referee to try the claims of the town against William O'Connor.[4] This case was tried on February 19 and April 2, 1993. Both parties filed posttrial briefs on April 16, 1993. Subsequently, on April 11, 1994, the attorney referee issued his report, which was filed on April 26, 1994. In his report, the attorney referee found in favor of the town and recommended an award of $14,740.93.

The defendant filed a motion to vacate the decision, dated April 29, 1994, on the ground that the attorney

---

[1] The town of Manchester intervened as a plaintiff and filed an amended complaint.

[2] General Statutes § 38a-836 et seq.

[3] Subsequently, Kevin O'Connor, William O'Connor's son, was joined as a defendant.

[4] The defendant's insurer, American Mutual Insurance Company, became insolvent in March, 1989. As a result, Ficara applied for and received uninsured motorist benefits from his insurance company, Nationwide Insurance.

referee failed to file a report within the time provided for in Practice Book § 430A. On March 21, 1995, the trial court denied the defendant's motion to vacate. On January 29, 1996, the trial court rendered judgment. This appeal followed.[5]

We first address the defendant's claim regarding the timeliness of the attorney referee's report because it is dispositive of this appeal. The defendant argues that the attorney referee's failure to file his report within the 120 day period provided for in Practice Book § 430A deprived the trial court of jurisdiction. The town contends that the defendant waived the 120 day limit by forwarding correspondence for consideration by the attorney referee, after the posttrial briefs were filed.[6]

Practice Book § 430A provides in part that "[a]n attorney trial referee to whom a case has been referred *shall* file a report with the clerk of the court . . . within one hundred and twenty days of the completion of the trial before such referee." (Emphasis added.) In denying the defendant's motion to vacate, the trial court found that, while there was no waiver provision in § 430A, waiver was appropriate in this case because it was the defend-

Ficara subsequently settled his claim with Nationwide Insurance and withdrew his claims against William O'Connor and Kevin O'Connor.

[5] The town argues in its brief that this appeal should be dismissed on the ground that the defendant waived his right to appeal and, notwithstanding, this appeal is untimely. The town argues that the defendant waived his right to appeal by improperly filing an appeal from the attorney referee's report. This court dismissed that appeal due to the defendant's failure to file a brief. The town further argues that the trial court rendered judgment when it denied the defendant's motion to vacate on March 21, 1995, and, thus, this appeal is untimely. See Practice Book § 4009. On the basis of our review of the record, the trial court rendered judgment on January 29, 1996, and, subsequently, the defendant filed this timely appeal.

[6] The defendant, on August 13, 1993, forwarded to the attorney referee a magistrate's recommendation in a District Court case, and on November 11, 1993, the defendant informed the attorney referee of an error in his August 13, 1993 cover letter. Also, on March 3, 1994, the defendant forwarded a federal District Court case to the attorney referee for his consideration.

ant who forwarded the unsolicited material to the attorney referee and then moved to have the report vacated because it was unfavorable. The trial court concluded that the 120 day period commenced on March 3, 1994, the last date on which the defendant submitted material, and, thus, the attorney referee's report was timely filed on April 26, 1994.

In *Gumpert* v. *Ore-Ida Foods, Inc.*, 39 Conn. App. 635, 641, 666 A.2d 437 (1995), we held that an attorney referee's failure to comply with the 120 day limit as set forth in Practice Book § 430A, coupled with the objection of the defendants, required a new trial. See also *Sanchez* v. *Prestia*, 29 Conn. App. 157, 161–62, 612 A.2d 824, cert. denied, 224 Conn. 913, 617 A.2d 167 (1992). In *Gumpert* v. *Ore-Ida Foods, Inc.*, supra, 637 n.3, we did not address the issue of whether the parties may waive or agree to extend the 120 day period under § 430A, but noted that "[u]nlike General Statutes § 51-183b [which provides a waiver provision], Practice Book § 430A contains no explicit waiver provision . . . ." The issue of whether the parties may waive the 120 day period is now squarely before this court.

" 'The rules of statutory construction apply with equal force to Practice Book rules.' " *Whalen* v. *Ives*, 37 Conn. App. 7, 11, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995), quoting *Grievance Committee* v. *Trantolo*, 192 Conn. 15, 22, 470 A.2d 228 (1984). "A cardinal rule of statutory construction is that where the words of a statute [or rule] are plain and unambiguous the intent of the [drafters] in enacting the statute [or rule] is to be derived from the words used. . . . Where the court is provided with a clearly written rule, it need look no further for interpretive guidance." (Citations omitted; internal quotation marks omitted.) *Bristol* v. *Vogelsonger*, 21 Conn. App. 600, 604, 575 A.2d 252 (1990).

The plain language of § 430A is unambiguous. Clearly, it was the intent of the drafters not to provide a waiver provision for the parties to extend the time an attorney referee has to file a report. As a result, the parties cannot waive the 120 day period provided in § 430A. Moreover, while the legislature provided a waiver provision in General Statutes § 51-183b, the judges of the Superior Court, in promulgating the rules of practice for attorney referees, were certainly cognizant of § 51-183b, yet decided not to include a waiver provision in § 430A. See also Practice Book § 546G (providing no waiver provision for fact finders) and § 546Q (providing no waiver provision for arbitrators). Thus, we conclude that the trial court lacked the power to accept an attorney referee's report that did not comply with § 430A.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.