[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 24, 1997
DISCUSSION
On January 10, 1995, the plaintiff, Christopher Wengenroth, filed a three-count amended complaint against the defendant, CT Page 7301 Antonio Lazaro, alleging that Lazaro's masonry work at the plaintiff's house was unsatisfactory. The plaintiff claims breach of contract, violation of the Connecticut Unfair Trade Practices Act, and negligence.
This matter was referred to attorney trial referee Sheryl Shaughnessey who heard the trial over six days, commencing on January 10, 1995, and ending on April 11, 1995. The plaintiff filed his posttrial brief on September 1, 1995, while the defendant filed his brief on May 13, 1996.
On March 8, 1996, the parties filed a stipulation waiving the 120-day limit of Practice Book § 430A for the rendering of the attorney trial referee's report after completion of trial.[1] The attorney trial referee filed her decision on October 15, 1996, more than 120 days from May 13, 1996, the date of completion of trial.[2] The plaintiff's subsequently filed motions to correct and exceptions and objections.
While the exceptions and objections to the attorney referee's report were pending before this court, the Appellate Court decided Ficara v. O'Connor, 45 Conn. App. 626
(1997). In Ficara, the Appellate Court held that "parties cannot waive the 120-day period provided in § 430A." Id., 630. The Appellate Court concluded that "the trial court lacked the power to accept an attorney referee's report that did not comply with § 430A." Id.
In light of the general rule that rights may be waived, this court has reservations concerning the Appellate Court's decision in Ficara that parties cannot waive the 120-day period provided in § 430A.[3] See Stewart v. Tunxis Service Center,237 Conn. 71, 80, 676 A.2d 819 (1996) (noting that although a mandatory provision typically must be strictly complied with, the parties may waive noncompliance). See also City of New Haven v.Local 884, Council 4, 237 Conn. 378, 387, 677 A.2d 1350 (1996), and cases cited therein for a comprehensive discussion of waiver. The parties' consent is required before their case can be referred to an attorney trial referee for trial. Thus the underlying reasoning of Ficara does not appear to be entirely consistent with the consensual nature of the parties' participation in the program and the general policy favoring alternative dispute resolutions of civil actions.[4]
Nevertheless, this court, bound by the Appellate Court's decision CT Page 7302 in Ficara, finds that in the present case the parties' waiver of the 120-day limit to extend the time the attorney trial referee had to file her report was improper. Accordingly, this court, pursuant to Ficara, lacks the power to accept the attorney trial referee's report because it did not comply with § 430A.
Pursuant to Practice Book § 443, the court hereby rejects the report and refers the matter to attorney trial referee Shaughnessey for further proceedings. At attorney trial referee Shaughnessey's discretion, those proceedings shall incorporate the initial proceedings which do not have to be repeated. The parties are granted leave to introduce any additional evidence during the remand proceedings that was not presented during the initial proceedings.
CONCLUSION
The plaintiff's exceptions and objections to the attorney trial referee's report are denied without prejudice, and the case is hereby referred back to the attorney trial referee for further proceedings consistent with this decision.
STEVENS, J.