[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT
The intervening plaintiff, Town of Manchester, and the CT Page 223 defendants, William and Kevin O'Connor have each moved for summary judgment on the following stipulation of facts:
 1. That on or about November 15, 1986, Manchester Police Officer Santo Ficara, was involved in a motor vehicle accident ("Accident") with a vehicle operated by the defendant Kevin O'Connor and owned by the Defendant, William O'Connor.
 2. That after the accident, Santo Ficara notified his employer, Town of Manchester, of this accident and his injuries, and the Town pursuant to C.G.S. § 31-275 et seq., paid to or on behalf of Ficara $14,740.93 in workers' compensation.
 3. For this date of loss, Santo Ficara's employer, Town of Manchester, was self-funded for workers' compensation purposes pursuant to C.G.S. § 31-284 (b). Therefore, the Town of Manchester directly paid the workers' compensation benefits to or on behalf of Santo Ficara.
 4. Subsequently, Santo Ficara brought this action against the defendants Kevin O'Connor and William O'Connor sounding in negligence seeking damages as a result of the accident.
 5. Pursuant to C.G.S. § 31-293, the Town of Manchester intervened to recoup the amounts it had paid to or on behalf of Ficara and an amount equal to the present worth of any probable future payments which the Town may become obligated to pay on account of Ficara's injuries.
 6. At the time of this accident, the defendants were insured by American Mutual Insurance Company.
 7. On March 9, 1989, the American Mutual Insurance Company was determined insolvent by a court of competent jurisdiction.
 8. Due to American Mutual Insurance Company's insolvency, the Connecticut Insurance CT Page 224 Guaranty Association ("CIGA") became liable for "covered claims" asserted under American Mutual policies pursuant to Connecticut General Statute § 38a-838 (6).
 9. Santo Ficara was required under the CIGA Act to collect uninsured motorist benefits from his own insurance company, Nationwide Insurance Company due to the insolvency of American Mutual.
 10. At the time of this accident, Santo Ficara's uninsured motorists policy limits were $200,000.00
 11. Santo Ficara settled his claim with Nationwide Insurance for $30,000.00.
 12. Santo Ficara withdrew his claim against the defendants.
 13. The defendants' insurance coverage with American Mutual Insurance Company was in the amount of $100,000.00 at the time of the Accident.
 14. The defendants admit liability for damages in the amount of $14,740.93.
The intervening plaintiff claims that no genuine issue of fact exists as to whether it may present a covered claim to the Connecticut Insurance Guaranty Association because the Town of Manchester is not an insurer but a self insured employer and its rights against the defendants are in no way affected by Ficara's recovery from his U.M. carrier.
The issue raised by these motions for summary judgment is identical to that decided by this court in the case of Doucettev. Pomes, et al. in its Memorandum of Decision dated April 15, 1997, Hartford-New Britain judicial district Docket no. CV91 0393354, 19 CONN. L. RPTR. No. 11 (July 14, 1997, Wagner, J.). In that case, this court held that because the Metropolitan District was self insured, it was not an "insurer" within the meaning of General Statutes § 38a-838c and therefore was not barred from recovering from defendants who were insured by a company subsequently adjudicated to be insolvent and taken over by Connecticut Insurance Guaranty Fund. That decision relied to some CT Page 225 extent on the reasoning of an earlier decision in the present case dated April 11, 1994. When defendant in the Doucette case moved to reconsider on the ground that the April 11, 1994 decision in this case had been reversed by the Appellate Court in its decision at 45 Conn. App. 626 (1997) this court denied the motion to reconsider in a memorandum of decision dated July 24, 1997 (20 CONN. L. RPTR. No. 5, October 20, 1997). In that decision, this court amplified the bases for its earlier decision and ruled that the Appellate Court reversal was on grounds other than those relating to the primary issue under consideration. These decisions of this court are now under appeal.
Based on its holding in the two memoranda of decisions filed in Doucette v. Pomes, et al., Town of Manchester's Motion for Summary Judgment is granted. Defendants' cross-motion for summary judgment is denied.
In accordance with the stipulation arrived at by the parties, it is hereby adjudged:
Subject to the limits of the insurance policy issued to defendants by American Mutual Insurance Company, CIGA is hereby adjudged liable for any future workers' compensation benefits which the Town of Manchester may be ordered to pay Santo Ficara because of injuries sustained by Ficara in the course of his employment on November 15, 1986 in connection with Ficara's automobile accident with defendants William and Kevin O'Connor on such date.
Jerry Wagner Judge Trial Referee