[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO ACCEPTANCE OF REFEREE'S REPORT
On May 19, 1998, the attorney trial referee filed a report in favor of the plaintiff, William Ford (the plaintiff). The defendants, Charles and Regina Featherston (the defendants), filed a timely objection to acceptance of the attorney trial referee's report on May 28, 1998. The defendants object on the ground that the report was filed beyond the 120 day limit prescribed in Practice Book § 430A, now Practice Book (1998 Rev.) § 19-4.[1] On June 10, 1998, the plaintiff filed a memorandum in opposition.
In its objection to acceptance of the attorney trial referee's report, the defendants argue that the court lacks the power to accept the attorney trial referee's report because it has been filed more than 120 days after the"completion of the trial," in violation of Practice Book § 430A, now Practice Book (1998 Rev.) § 19-4. The defendants rely on Gumpert v.Ore-Ida Foods. Inc., 39 Conn. App. 635, 637 n. 2, 666 A.2d 437
(1995) and Krondes v Montagnese, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143692 (July 29, 1997) (Lewis, J.), in arguing that the trial was "complete" on the date of the filing of the post-trial briefs, and not on the due date for the briefs. In addition, the defendants request that the case be rescheduled for a new trial before another attorney trial referee in accordance with Krondes v. Montagnese.
The plaintiff relies on Franks v. Streeter, 192 Conn. 601, CT Page 11691472 A.2d 1281 (1984), and Ficara v O'Connor, 45 Conn. App. 626,697 A.2d 696 (1997), in arguing that the trial is not considered complete under Practice Book § 430A, now Practice Book (1998 Rev.) § 19-4, until the last post-trial brief is due. Using the later due date rather than the filing date as a benchmark for the "completion of the trial," the plaintiff argues that the attorney trial referee's report was timely and should be accepted by the court. On the other hand, if the court finds that the report was filed late, the plaintiff contends that the proper remedy is to send the matter back to the same attorney trial referee for a new trial which could include, at her discretion, all of the proceedings to date.
The 120-day deadline is mandatory. Gumpert v. Ore-Ida FoodsInc., supra, 39 Conn. App. 639. "The attorney trial referee's failure to comply with the 120 day limit as set forth in Practice Book § 430A, coupled with the objection by the defendants, requires a new trial." Id., 641. "[T]he parties cannot waive the 120 day period provided in § 430A . . . [and] the trial court [lacks] the power to accept an attorney referee's report that [does] not comply with § 430A." Ficara v O'Connor, supra,45 Conn. App. 630.
In Frank v. Streeter, supra, 192 Conn. 601, the court interpreted General Statutes § 51-183b which provides that any trial judge of the superior court who has commenced a civil trial shall render judgment within 120 days from the completion of the trial.[2] The court in Frank held that "completion date of the trial" includes the date of submission of post-trial briefs, reasoning that requesting briefs is well-advised when litigation raises difficult questions of fact and law Frank v. Streeter, supra, 192 Conn. 605; see alsoNortheast Savings v. Scherban, 47 Conn. App. 225, 231,702 A.2d 659 (1997). "In related contexts, completion has been held to encompass the availability of all the elements directly or indirectly to be considered in the rendering of a decision."Frank v. Streeter, supra, 192 Conn. 604; see also NortheastSavings v. Scherban, supra, 47 Conn. App. 231.
For example, in Ippolito v. Ippolito, 28 Conn. App. 745,612 A.2d 131, cert. denied, 615 A.2d 1047, 224 Conn. 905 (1992), the court held that the "completion date of trial" was the date the defendant filed his reply brief, rather than the earlier date when the parties filed post-trial briefs. In support of its holding, the court emphasized that "[t]he fact that the state CT Page 11692 trial referee did not return the reply brief or notify the parties that he would not accept the reply brief indicates that he considered it part of the posttrial briefing process." Ippolitov. Ippolito, supra, 28 Conn. App. 750. The court further noted that the plaintiff did not claim that she was not notified of the filing of the defendant's reply brief nor did she file an objection to or a motion to strike the reply brief before the decision was rendered. Ippolito v. Ippolito, supra,28 Conn. App. 750.
The plaintiff relies on Ficara v. O'Connor, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 344963 (March 23, 1995, Corradino, J.) (14 CONN. L. RPTR. 7), in arguing that the 120 days should run from the date on which the last brief was due, rather than from the earlier date of which the last brief was filed. The appellate courts have not confronted this issue even in the context of § 51-183b. See, e.g., Frank v. Streeter, supra, 192 Conn. 602 ("The question before us is whether the completion date of the trial' occurs upon the termination of the court hearing or upon the subsequent submission of trial briefs to the court"). Similarly, although Ficara provides an argument for extending the completion of trial to the due date, the issue of the operative completion date was not dispositive. Ficara v. O'Connor, supra, 14 CONN. L. RPTR. 8. Rather, the court denied the defendant's motion to vacate the referee report on the ground that the defendant waived the 120 day limit by forwarding correspondence for consideration by the attorney referee, after the post-trial briefs were filed. Id. As noted above, the Appellate Court held that parties may not waive the 120 day limit, reversing the trial court. See Ficara v.O'Connor, supra, 45 Conn. App. 626. Thus, the plaintiffs reliance on the superior court's opinion in Ficara v. O'Connor is misplaced.
Here, the post-trial briefs and reply briefs filed up to January 13, 1998 constituted part of the post-trial briefing process. See Ippolito v. Ippolito, supra, 28 Conn. App. 750. All of the information necessary for the court to make a well-reasoned decision was available by January 13, 1998, the date the last brief constituting part of the post-trial briefing process was filed. In the interest of providing the trial court with "the opportunity to deliberate and to reach a thoughtful, reasoned conclusion," the courts have only extended the date for completion of trial until the date of filing and not the due date for post-trial briefs. See Frank v. Streeter, supra, CT Page 11693192 Conn. 605; Ippolito v. Ippolito, 28 Conn. App. 749.
Using the filing date as an indicator for the completion of trial makes the time period for rendering a decision more open-ended, especially because the attorney trial referee is faced with the possibility that briefs may be continuously filed up to the due date. The rationale for setting the filing date as a benchmark for the completion of trial is to allow the attorney trial referee to obtain all the materials necessary to render a well-reasoned decision. See Northeast Savings v. Scherban, supra,47 Conn. App. 231. The attorney trial referee could obtain the necessary information while establishing a more certain date for the rendering of her decision by rejecting any further briefs filed after the point that she feels she has sufficient information to render her decision. Furthermore, the time difference between filing date and due date will not be significant unless the attorney trial referee chooses to give the parties a vast amount of time to file post-trial briefs. Because the 120 day date is mandatory and no court has interpreted the completion date of trial to extend to the due date for post-trial briefs, the operative completion date of trial under Practice Book § 430A, now Practice Book (1998 Rev.) § 19-4 should be the last filing date. Thus, it is submitted that January 13, 1998 is the date for the completion of the trial before the attorney trial referee.
Here, the attorney trial referee was required to file her report within 120 days after January 13, 1998, i.e. on May 13, 1998. Because the attorney trial referee filed her report on May 19, 1998, her report was untimely. "The attorney trial referee's failure to comply with the 120 day limit as set forth in Practice Book § 430A, coupled with the objection by the defendants, requires a new trial." Gumpert v. Ore-Ida Foods. Inc., supra,39 Conn. App. 641.
Pursuant to Practice Book § 443, now Practice Book (1998 Rev.) § 19-17(a),[3] the trial court has the discretion to refer the matter back to the factfinder for a new trial or revoke the reference and let the case go forward in the Superior Court. See National Elevator Industry Pension, Welfare Educational Funds v. Scrivani, 229 Conn. 817, 821-22,644 A.2d 327 (1994). If the court decides to refer the matter back to the same attorney trial referee, the attorney trial referee may, at her discretion, consider all of the proceedings to date, including the transcript of the prior proceeding. CT Page 11694Schiappa v. Ferrero, Superior Court, judicial district of Fairfield at Bridgeport, Docket No 318194 (February 13, 1998, Mottolese, J.) (21 CONN. L. RPTR. 383).
In the interest of judicial economy, it is submitted that the court should refer the matter to the same referee who may consider the prior evidence. The attorney trial referee filed her report only six days late due to her belief that the trial was considered complete as of the date the briefs were due.[4]
Revocation of the reference would be counter-productive and is not necessary to sanction the attorney trial referee.
The attorney trial referee violated the 120 day rule. The defendants' objection to the attorney trial referee's report is sustained. Pursuant to Practice Book § 443, now Practice Book (1998 Rev.) § 19-14 (a), the court has the discretion to "refer the matter to the same or another [referee] for a new trial or [to] revoke the reference and leave the case to be disposed of the court." The court refers the matter back to the same attorney trial referee.
HICKEY, J.