[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION OBJECTIONS TO ATR'S REPORT: EXCEPTIONS TO ATR'S REPORT AND ARTICULATION
This matter is before the court on the plaintiff's objections and exceptions to an ATR's report and articulation. In a supplemental memorandum of law in support of the plaintiff's exceptions and objection, the plaintiff argues that the ATR's report cannot be accepted by the court. The ATR's report was filed on April 29, 1994, more than 120 days after trial was completed. Under Ficara v. O'Connor, 45 Conn. App. 626,697 A.2d 696 (1997) and Gumpert v. Ore-Ida Foods, Inc., 39 Conn. App. 635,666 A.2d 437 (1995), the 120 date is mandatory and cannot be waived by the parties.
Accordingly, the ATR's report is not properly before the court. Pursuant to Practice Book § 443, now Practice Book (1998 Rev.) § 19-17, the matter is referred to the same ATR for a new trial which may, in the referee's discretion, include all of the proceedings to date. See Schiappa v. Ferrero, Superior Court judicial district of Fairfield at Bridgeport, Docket No. 318194 (February 13, 1998, Mottolese, J.).
BY THE COURT
MELVILLE, JUDGE