[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a dispute between the plaintiff, Allen Bemus, and his former employers, the defendants, Community Medical Transport, Inc. and Empire Ambulance and Ambulette, Inc. With the consent of the parties the matter was assigned for trial by an attorney trial referee in accordance with General Statutes § 52-434 (a) and Practice Book § 428, now § 19-2A. CT Page 9851
The last day of trial was January 26, 1999, and briefs were thereafter filed by both parties. The last brief was submitted on April 26, 1999. The 120th day thereafter was August 24, 1999. The report of the attorney trial referee, which found in favor of the plaintiff and recommended an award of $276,010.68, was filed on October 13, 1999, more than 120 days after the filing of the last brief. Thus, this case involves Practice Book § 19-4 and the seminal case in this area, Ficara v. O'Connor,45 Conn. App. 626, 630, 697 A.2d 696 (1997) ("Thus, we conclude that the trial court lacked the power to accept an attorney's referee's report that did not comply with [now Practice Book § 19-4])."
The file indicates that the parties agreed that the attorney for the plaintiff would telephone the attorney trial referee regarding the 120 day rule which was expiring in several days. The plaintiff's counsel did so. The parties disagree about what was said in this call. The defendants claim that plaintiff's counsel told their counsel that the attorney trial referee conceded that he, the referee, had lost track of the 120 day rule. The plaintiff's counsel denies that he told this to the defendants' counsel but rather states that the attorney trial referee was well aware of the impending expiration of the 120 days.
In any event, the attorney trial referee telephoned this court's case flow office advising that the hearing was to be reconvened or reopened. The case flow office told counsel to be present in court the following Monday, August 23, 1999, the day before the 120 days deadline expired. The attorneys appeared on that date, and the attorney trial referee stated he had some questions that he believed needed answering before he would be in the position to render a report and recommendation.[1] No new evidence was introduced, no witnesses were called, and no new case was discussed at this hearing. All that occurred was the posing of the nine questions.
The attorney trial referee asked that briefs be filed discussing or answering these questions, and they were filed by both parties, the last on September 27, 1999. The attorney trial referee filed his report and recommendations on October 13, 1999, well within 120 days from the last brief filed in response to the nine questions posed by the attorney trial referee at the reconvened hearing of August 23, 1999.
At the new hearing on August 23, 1999, the defendants stated clearly and explicitly that they did not waive their position that the referee was obliged to render his opinion within 120 days of the last brief, which was actually the next day. The plaintiff contends that the referee had the right to reopen the hearing and call for new briefs answering the nine questions, and that the time to file the referee's report was therefor extended to 120 days after the last brief was filed on September CT Page 9852 27, 1999, in response to those questions.
The issue is whether the 120 day clock was reset, so to speak, by the action of the attorney trial referee in conducting a hearing on August 23, 1999, the day before the 120 day deadline was set to expire. InFicara v. O'Connor, supra, 45 Conn. App. 630, the court stated that "the parties cannot waive the 120 day period provided in [now Practice Book § 19-4]." The court also noted that an attorney trial referee's "failure to comply with the 120 day limit as set forth in Practice Book [now § 19-4], coupled with the objection of the defendants, required a new trial." Id., 629.
The defendants characterize the August 23, 1999 reconvened trial as a "thinly veiled attempt to circumvent the 120-day deadline." The plaintiff asserts that the defendants' position is "absurd" and aimed at "circumventing the equities in the case, " as well as the "manipulating [of] a technicality."
The court agrees with the defendants for several reasons. First, theFicara decision does not seem to leave any room for the resetting of another 120 day clock. The parties themselves cannot waive the 120 day deadline. If the parties cannot do this, it does not seem logical to permit a referee to do so by unilaterally reconvening the hearing.
Second, if the plaintiff is correct, then in theory, a referee, faced with a second 120 day deadline, could again reconvene or reopen the trial on the 119th day, pose some new questions and get a third 120 day clock. Under this scenario, there would not be an effective ending to the litigation. Third, in this particular case, the reopening of the trial did not involve new evidence. The questions posed orally by the attorney trial referee could just as effectively been transmitted in writing at some time prior to the 119th day, without reconvening or reopening the trial.
Moreover, reopening of a trial is permitted only for certain specific reasons. One such reason is newly discovered evidence. In deciding whether a trial should be reopened on the basis of newly discovered evidence, the court must determine "if such evidence is, in fact, newly discovered, will be material to the issue . . . could not have been discovered and produced, on the trial which was had, by the exercise of due diligence, is not merely cumulative and is likely to produce a different result." (Internal quotation marks omitted.) Burr v.Lichtenheim, 190 Conn. 351, 355, 460 A.2d 1290 (1983).
Another ground for reopening a trial is when "false testimony" is asserted. "False testimony may be of two types: (1) where a material CT Page 9853 witness admits to perjuring himself at trial . . . or (2) where a material witness has recanted his testimony and claims he was mistaken as to what he said at trial. . . . a new trial should be granted when (1) the court is reasonably well satisfied that that the testimony of a material witness is false, (2) without it the jury might have reached a different conclusion, and (3) the party seeking a new trial was taken by surprise when the false testimony was given.: (Citations omitted; internal quotation marks omitted.) Channer v. State, 54 Conn. App. 620,627, 738 A.2d 202, cert. denied, 251 Conn. 910, 739 A.2d 1247 (1999).
Thus, it seems that the best course, under the circumstances, is to revoke the reference and send the case to a new attorney trial referee. The court is well aware that trying this case a second time imposes a hardship on the parties, but when faced with a violation of the 120 day rule, the court is powerless to do anything but order a new trial.
So Ordered.
William B. Lewis, Judge